against the demand while in the hands of the assignor. And, with a view to carry this out in case of an assignment, *pendente lite*, the case in 11 *How.* (381) seems to assign the principle that should govern courts in allowing such an assignee to be made party to the suit. "When a substitution cannot prejudice any right or remedy of the defendant, it would be almost a matter of course to permit it. When such a result would be produced by the change, the court would either refuse to permit it, or would grant it only on such terms as would protect the defendant from injury." While, in the case before us, the assignee of Carter was allowed to come in *ex parte*, to the manifest injury of Roberts the defendant.

The opinion of Justice DAVIES, in *Martin* agt. *Kanouse*, (17 *How.*, 148,) seems much sounder than his opinion above referred to; and the case he there cites (16 *Wend.*, 446) seems to be a binding one, decided in the court of last resort.

It would seem that the set-off should be allowed, and that therefore the decision of special term must be reversed.

CLERKE, J. I concur.

———◆◆———

## SUPREME COURT.

### JOHN H. MORRELL agt. E. HOEY.

The law as to *commissions* for the examination of witnesses is not altered by the Code. It is not applicable to witnesses in *supplementary proceedings*.

*New York Special Term, November,* 1862.

INGRAHAM, P. Justice. The plaintiff moves for a commission to examine a witness in supplementary proceedings. It is conceded that prior to amendment of the Code, in 1860, such a motion could not be granted. I do not think the amendment to the Code in section 399 alters that rule.

That section, as amended, only applies to the examination of the witness, and extends to special proceedings the right to examine a party, as in an action. It does not allow a commission to issue for such purpose. There is no other statute which makes such a commission proper. The Revised Statutes, under which commissions are issued, require issue to be joined. The law as to commission for the examination of witnesses is not altered, either by the amendments of 1860 or 1862. Motion denied.

———✦———

## SUPREME COURT.

### JAMES P. ROSS agt. ALEXANDER LONGMUIR.

In the *verification* of an answer *by an agent* of the defendant to an action upon a written instrument, where the allegations of the answer are stated *positively*, and without qualification, it is not necessary that the agent should state his *knowledge* or the *grounds of his belief* in the. verification. That part of the verification which refers to matters in the answer, supposed to have been stated upon information and belief, may be treated as surplusage.

*Monroe General Term, September*, 1862.

JOHNSON, E. DARWIN SMITH and WELLES, *J. J.*

APPEAL from an order of special term, denying motion by defendant to set aside judgment.

H. R. SELDEN and JNO. MCCONVILL, *for appellant.*
T. R. STRONG and D. C. HYDE, *for respondent.*

By the court, WELLES, Justice. The judgment was entered as for want of an answer to the complaint. An answer was served in due time, but was returned by the plaintiff's attorney to the defendant's attorney on the alleged ground that the verification was insufficient, the complaint having been duly verified, and the plaintiff perfected judgment. The verification was as follows: