## SUPREME COURT.

### THE PEOPLE *ex rel.* MOREL L. FITCH agt. JAMES MEAD, Sheriff of Cayuga County.

A *county judge* clearly has jurisdiction in proceedings *supplementary to execution.*
Where a judge before whom proceedings *supplementary to execution* are pending, makes an order appointing a *receiver* of the debtor's property, and files the same, together with the testimony taken on the examination of the judgment debtor, in the county clerk's office, *before the examination of the judgment debtor is finally concluded,* the judge does not thereby lose jurisdiction of the *person* of the judgment debtor, nor his power to commit him for *contempt* in refusing to answer questions on his further examination.

In analogy to the former practice in chancery upon filing a creditor's bill and the appointment of a receiver, the judge may now appoint the receiver *at any time while the proceedings are pending before him,* in his discretion.

*Monroe Special Term, March,* 1865.
*Proceedings upon habeas corpus.*

THE writ was allowed by one of the justices of this court, and made returnable in special term. The petition upon which the writ of habeas corpus was granted, states that the relator is imprisoned by the sheriff of Cayuga county, upon a process or commitment issued by the county judge of Cayuga, as for a contempt on the part of the relator in refusing to answer certain questions put to him on his examination on supplemental proceedings before said judge. It appears from the petition and proceedings, that a judgment was duly recovered by the Auburn Exchange Bank against the relator, in the supreme court, upon which an execution had been duly issued, which was returned unsatisfied.

Upon this proof to him prescribed under section 392 of

the Code, an order was duly made and served, requiring the relator to appear before the said county judge, and submit to an examination in respect to his property, supplemental to said execution. The relator duly appeared before the said county judge, in pursuance of said order, on the 20th of December, 1864, and such proceedings were then and by consent of parties adjourned, and were thereafter by successive adjournments, continued down to the 20th of Jan., when another defendant in said judgment was examined, and further proceedings adjourned till the 25th, when a witness was examined on the part of the judgment creditor, the relator being sick and unable to attend; that the relator appearing was examined on the 27th of January, under said order, and further proceedings then adjourned by consent till the 28th, when other witnesses were examined on the part of the plaintiff in the execution; that on the 30th of Jan., the said county judge made an order appointing a receiver of the property and assets, and effects of the relator, and the proceedings were further continued by adjournment till the 10th day of March, and that on that day the relator appeared by his counsel before the said county judge, pursuant to said adjournment, and the plaintiff proposed further to examine the relator, which was objected to by his counsel, on the ground that the proceeding was ended by the appointment of the said receiver, and insisted that the proceedings supplemental to an execution had been completed and ended, and on the further ground that the said county judge had no jurisdiction in the matter; but the county judge holding otherwise, the proceedings were adjourned till the 21st of March, when the relator personally appeared before the said county judge, and the counsel for the plaintiff proposed to continue the examination of the said relator, and for that purpose put to him certain questions in regard to his property, to which the counsel for the said relator objected, on the ground above stated, insisting that upon

the appointment of said receiver, · and the filing of the papers and the testimony taken in the office of the county clerk, the proceedings were terminated, and the jurisdiction of the county judge had expired.   The county judge held otherwise, and directed the examination to proceed, and the relator to answer the question put, which under the advice of counsel he declined to do, upon which a process for his imprisonment, as for a contempt, was issued by the said county judge, under which the said relator was, and still is imprisoned by the sheriff of Cayuga county.

The return of the defendant to said writ of habeas corpus, stated that he held the relator under the warrant of commitment annexed, which recites the same facts in substance stated in the petition, and states that the appointment of the receiver was made upon a hearing of the defendant by his counsel, and that in substance that the examination of the relator was commenced under said order, and was continued from time to time, by consent of all the parties thereto, till the time of the refusal of the relator to submit to a further examination, and answer proper questions put to him, for which refusal he was committed, &c.   Affidavits were also read made by John Porter, Esq., and T. M. Pomeroy, of counsel for the judgment creditor, stating that the examination of the relator had on the 28th day of January, was but partially concluded at that time, which fact was stated to, and well understood by the relator and his counsel at the time, and that his examination on that day was terminated solely by reason of the sickness of the relator, and his inability for that reason to proceed with the same.   The affidavit was also read made by the county judge, stating that the papers filed in the office of the county clerk were so filed at the request of the relator's counsel, in order that he might appeal from the said order appointing a receiver, and that the examination of the relator was not then completed, but had been interrupted by reason of his sickness, on account

of which the examination had been adjourned till the said 10th day of March, and that he had no thought of terminating the said proceedings by filing said papers, and that those were filed without the knowledge of the plaintiff's counsel. Upon these papers the question presented was argued by

Geo. Rathbun, *for relator.*

T. M. Pomeroy, *for the respondent and judgment creditor.*

E. Darwin Smith, J.   The return to this writ of habeas corpus, shows that the relator is imprisoned by the sheriff of Cayuga county upon a process for a contempt, specially and plainly charged in the commitment, issued by the county judge of Cayuga county, an officer clearly having authority to commit for the contempt so charged.   By the 41st section of the habeas corpus act, it is provided that when it appears by the return that the prisoner is in custody in such case, he can only be discharged from such imprisonment in one of five cases therein specified, none of which is applicable to this case except the first, which is, " when the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person.

The county judge clearly had jurisdiction in proceedings supplemental to execution.   The proper order for the appearance before him of the relator, was duly made under section 292 of the Code, upon due proof of the recovery of a judgment in this court, and that an execution therein had been duly returned unsatisfied, and such order had been duly served upon the relator, and he in pursuance of the requirements thereof had duly appeared before said judge to submit to the examination thereby directed.   The county judge had thus also duly acquired jurisdiction of the person of the relator, according to the statute.

The examination of the relator had been commenced, but as the proof clearly shows. had not been completed,

and the proceedings had been duly continued for thàt purpose by adjournment, at the instance, and for the benefit of the relator, and in consequence chiefly of his sickness, up to the time when the alleged contempt was committed, by the refusal of the relator to answer such further proper questions as he was required to do by the county judge. The refusal of the relator to make answer before the county judge, which is the contempt for which he was convicted and stands imprisoned, was put upon the ground at the time, under the advice of his counsel, that the county judge had lost jurisdiction of his person and of the proceedings, by the appointment of a receiver of the property and effects of the relator, and the filing of the order for such appointment and the testimony then taken, in the county clerk's office. And this was the point relied upon by the counsel for the relator, in his argument here for the discharge of the relator, upon the return of the writ of habeas corpus. If it be sound, it would follow that the county judge exceeded his jurisdiction in requiring the relator to answer the questions put to him; that he had then lost jurisdiction of his person and of the proceedings, and the relator would be entitled to a discharge from his imprisonment for the alleged contempt.

The argument of the learned counsel for the relator is, that the appointment of a receiver of the property of the judgment debtor, is the chief object and end of these proceedings supplemental to execution, and that upon such appointment the proceeding is terminated; that such appointment is the final step in the proceedings, like final judgment, and that the jurisdiction of the officers is thereupon at an end. This view of the proceedings, I think, is a mistaken one. They were designed to be a substitute in part for the creditor's bill of the court of chancery, under the old system. For the proceedings by suit, subpœna and injunction, calling for a discovery upon oath, and involving the appointment of a receiver, an order from a

judge requiring an oral examination and discovery before the judge or a referee out of court, is substituted. It is a summary proceeding, accomplishing the same end with a creditor's bill, and at small expense to the parties. I think it was to some extent borrowed from the 191st rule of the court of chancery, in force when that court expired. This rule provided that the debtor against whom a creditor's bill was filed, should not be subjected to the expense of putting in an answer thereto in the usual manner, if he should cause his appearance to be entered, and should within twenty days after service of a copy of the bill and notice of an order to answer, deliver to his complainant a written consent that an order might be entered taking the bill as confessed, and for the appointment of a receiver, and for a reference to take the examination of the defendant in conformity with the rule. Upon presenting such stipulation to the court, the complainant was entitled to an order directing the bill to be taken as confessed against a debtor, and refering it to a master to appoint a receiver and take the examination of the debtor. The order also directed the debtor to transfer to such receiver under oath, all his property and equitable interests, and things in action, and that he appear from time to time before the master for that purpose, and to submit to such examination as the master should direct; and what was accomplished under this system by the filing of the creditor's bill, the injunction thereupon, the stipulation of the defendant under said rule, and the order taking the bill as confessed, and for a reference to appoint a receiver and take the examination of the defendant, is now accomplished by a simple order of a judge, under section 292 of the Code, and with proper proceedings under chapter 2 of the Code, entitled " proceedings supplemental to the execution."

The appointment of the receiver was under said rule 191, or might have been, the first step in the master's office under the order of reference, and I think in practice was

ordinarily the first step taken on the appearance of the defendant before the master. After the receiver was appointed, the defendant was then examined, and required by the master to deliver to the receiver the property discovered on such examination. I do not see why this is not the proper practice now, upon the return of this order for the examination of the defendant before the judge, under section 292. If the receiver is not generally appointed immediately on the return of the order I suppose it is omitted to save expense, but I have no doubt that the officer instituting and conducting these proceedings supplemental, may appoint the receiver at any time while the proceedings are pending before him in his discretion, and think the power conferred upon the judge by section 298, may be exercised by him whenever in the progress of the proceedings he thinks it proper to do so. It must be of course while the defendant is before him, and while the proceedings are kept in life by proper adjournments, and it seems to me that there is great propriety in the appointment of the receiver in an early stage of the proceedings, if they are, or are likely to be protracted. In this case they were continued through several months. The order of the judge operates like the filing of a creditor's bill to attach the equitable interests of the judgment debtor, but it does not create any lien upon personal property. Such lien will not be created till the order be made for the appointment of a receiver. Until such order is made, other creditors of the judgment debtor may levy upon any of his personal property subject to execution, and acquire a valid lien thereon (*Van Alstine* agt. *Cook*, 24 *N. Y.* 496). The property of the judgment debtor vests in the receiver from the time the order is made directing such appointment (*Porter* agt. *Cook*, 5 *Seld.* 148). It follows, therefore, that to give full effect to these proceedings, and to give the creditors instituting them the full benefit thereof, he should promptly procure the appointment of a receiver. This is

essential to perfect his lien. It cannot be, therefore, that he must be compelled to wait till a protracted examination of the judgment debtor is finished, protracted perhaps, for the very purpose of defeating the object of the proceedings by judgment, by allowing his assets to be scattered and seized by other creditors, before the prosecuting creditor could have the receiver appointed, and it cannot be that he loses all right to discover from the judgment debtor after the appointment of such receiver. I can see no principle or reason upon which such a claim can be founded, and it is in clear conflict with the object and intent of this whole proceeding. The filing of the order appointing the receiver in the clerk's office, and the testimony, cannot affect the question of the jurisdiction of the judge.

It was the duty of the judge to file the order appointing the receiver immediately upon such appointment, under said section 298, in the clerk's office, and the filing of the testimony was of no consequence. It might be evidence, if nothing else appeared, that the judge had concluded the examination of the debtor, but that clearly appears to have been otherwise. I think the county judge did not exceed his jurisdiction in any particular; that the proceedings were not ended before him by the appointment of the receiver, or by any other act or step, and that he was in the proper discharge o his duty in requiring the relator to answer such further questions as should be put to him touching his property, and that his refusal to do so was a contempt, for which the county judge might lawfully commit him as he did.

It follows that the relator must be remanded to the custody of the sheriff of Cayuga county, and the writ of habeas corpus dismissed.