(17 Misc. Rep. 275)

## LOSEE v. ALLEN.

(City Court of New York, General Term. June 30, 1896.)

SUPPLEMENTARY PROCEEDINGS—SECOND EXAMINATION—AFFIDAVIT.

    An affidavit for a second examination in supplementary proceedings, which states that "certain outstanding contracts and subscriptions due to a certain publication, in which the judgment debtor was interested, were discovered; that deponent [plaintiff's attorney] has reason to believe that money has come into the hands of the said judgment debtor since

said examination on account of said contracts and subscriptions," but which does not specify the publication, and the debtor's interest therein, and the facts which induced affiant to believe that money had come into defendant's hands,—is not sufficient.

Appeal from special term.

Action by Alanson F. Losee against Ralph O. Allen. From an order denying a motion to vacate a second order for defendant's examination in supplementary proceedings, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and CONLAN, J.

W. M. Thitchener, for appellant.

W. R. Bronk, for respondent.

VAN WYCK, C. J.   The record shows that, prior to the obtaining of the second order for judgment debtor's examination, he had been fully examined in supplementary proceedings, and a receiver of his property duly appointed.   The rule of practice is that, where a debtor has once been fully examined in supplementary proceedings, a second order for his examination will not be granted except upon proof that he has since acquired property, or that an alias execution has been issued or returned unsatisfied.   The only proof shown by the record in this regard is that, on the previous examination, "certain outstanding contracts and subscriptions due to a certain publication in which the judgment debtor was interested were discovered; that deponent [plaintiff's attorney] has reason to believe that moneys have come into the hands of said judgment debtor since said examination on account of said contracts and subscriptions."   The affiant should have stated what publication defendant was interested in, and what was his alleged interest, and the facts which induced affiant to believe that moneys had come into defendant's hands; so that the judge might find that such reason existed as to justify affiant in believing, etc., and whether defendant had any interest, and, if so, what interest.   Whatever interest the defendant might have was certainly discovered on his first examination, and that interest, whatever it was, had then passed to his receiver.   If the affiant had any reason to believe, etc., he should state it, and not hold it in his mind alone.   If this averment of reason to believe is sufficient to justify the granting of a second order for a debtor's examination, it can be repeated ad libitum; and, so often as repeated, orders for his examination will be granted.

The order denying motion to vacate reversed, with costs, and original motion granted.