(19 Misc. Rep. 418.)

FALKENBURG v. FRANK.

(City Court of New York, General Term. February 23, 1897.)

CONTEMPT PROCEEDINGS—CONDITIONAL COMMITMENT.

A commitment is bad which commands the sheriff, in the alternate or conditional form, to imprison defendant "unless he shall pay" the fine imposed; the correct practice being to serve on defendant a copy of the alternative order, and, on his failure to pay on demand, make proof of the fact to the court, and obtain an absolute order of commitment.

Appeal from special term.

Proceedings supplementary to execution on a judgment in favor of Charles Falkenburg against Nathan Frank. From an order denying a motion of the defendant to set aside a commitment of him for contempt, he appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Moritz Frank, for appellant.
Herman Joseph, for respondent.

SCHUCHMAN, J. This is an appeal from an order made at special term on January 7, 1897, denying the motion of the judgment debtor "to file in court the minutes of the examination of said Nathan and Lina Frank in the above-entitled proceedings, taken on the 12th and 13th days of February, 1895, and also vacating and setting aside the warrant for the arrest and commitment of said Nathan Frank therein, dated February 18, 1895." The papers used on said motion disclose the facts that the said judgment debtor was directed by an order of this court, made in proceedings supplementary to execution, to appear in court on February 12, 1895, to make discovery on oath concerning his property; that said Nathan Frank did on said day appear and submit to an examination; that said proceedings were adjourned to February 13, 1895, for the examination of witnesses, and that pursuant to a subpœna issued by the said court on February 12, 1895, one Lina Frank, the wife of said judgment debtor, was directed to appear and submit to an examination on February 13, 1895, at the hour to which said proceedings supplementary, etc., were adjourned, and then submit to an examination; that pursuant to said subpœna said Lina Frank did appear and submit to an examination, and that, while she was thus under examination, her husband, the said judgment debtor, interfered therewith, by directing his wife to correct her answer, telling her that some of her answers were incorrect, or to answer differently; and that finally he directed her not to answer any further questions, and to leave the court room. Such examination having taken place before the court, and in the presence of the court, the presiding justice adjudged said judgment debtor guilty of contempt, and ordered him to pay to the clerk of the city court of New York a fine of $200 "for the indemnity and for the use of the said Charles Falkenberg, the judgment creditor herein, or, in default thereof, that the said Nathan Frank aforesaid shall be imprisoned in the common jail of the city and county of New York

for the period of thirty days." This order is recited in the warrant or commitment contained in the appeal book, but the appeal book does not show that an order in writing was ever made and entered in that respect, nor that such an order was ever served on the judgment debtor. A commitment was then issued by the court to the sheriff of New York county, as follows:

"Now, therefore, you are required and commanded, and we do warrant and enjoin you, that you forthwith attach the said Nathan Frank, the judgment debtor herein, and commit him to the common jail of the city and county of New York, and detain him there for the term of thirty days, as a punishment for the said contempt of the city court of New York, unless he shall pay the sum of two hundred dollars, fine imposed on him as aforesaid; and for such arrest and imprisonment and detention this shall be your warrant."

The examinations of said judgment debtor and of his wife, the witness, were had pursuant to the order in supplementary proceedings, and, although uncompleted, constitute a part of the record of the court had in that proceeding, and should therefore be filed as a record of the court. Code Civ. Proc. § 825; Fiske v. Twigg, 5 Civ. Proc. R. 41. There is no doubt that the said judgment debtor has been guilty of the contempt adjudged of, and that the warrant of commitment recites all the jurisdictional facts, and the causes of the delinquent's guilt. But the vice lies in the form of the order of commitment, in that it is made in the alternative, or rather upon a condition, namely, to pay a fine of $200, or, in default thereof, he be imprisoned. No formal order having been made, or served upon the judgment debtor, requiring him to pay said fine, or, in default thereof, to be committed to prison, and the commitment being granted in these alternative requirements, it was left to the executing officer, the sheriff, to exercise his judgment; and upon a demand of the judgment debtor of said fine of $200, and noncompliance therewith, he was allowed at once to take the judgment debtor in custody, and commit him to the jail. Such a practice is not tolerated by our administration of justice. The true rule of practice in such a proceeding is that an order should have first been made and entered, and served upon the judgment debtor, and after he had failed to comply with the condition therein provided for, upon due proof of his failure to comply therewith, an absolute and final order should have been made, adjudging him guilty of the contempt absolutely, and issuing a commitment accordingly for his punishment. Bank v. Fitzpatrick, 80 Hun, 77, 30 N. Y. Supp. 15; Brinkley v. Brinkley, 47 N. Y. 46; Rice v. Ehele, 55 N. Y. 521. This not having been done, it follows that the order appealed from must be reversed, and the motion granted, with $10 costs, and the costs and disbursements of this appeal.

VAN WYCK, C. J., concurs.