(29 Misc. Rep. 674.)

### SCHERMERHORN v. OWENS et al.

(Supreme Court, Special Term, Oneida County.  December, 1899.)

SUPPLEMENTARY PROCEEDINGS—DEFECTIVE AFFIDAVIT. ·
    Under Code Civ. Proc. § 2435, entitling a judgment creditor to an or-
    der for the examination of a debtor in supplementary proceedings, a
    judgment creditor may not have an order for a second examination of a
    judgment debtor on the ground that such debtor has, since the first exam-
    ination, acquired property which may be applied to the payment of the
    judgment, where the affidavit is made on information and belief, without
    disclosing the sources of the information.

Supplementary proceedings by John Schermerhorn against Cora
W. Owens and others.   On motion to set aside order for second ex-
amination.   Motion granted.

E. Willard Jones, for the motion.
Wm. E. Seavey, opposed.

DUNMORE, J.   The only facts set forth in the affidavit upon
which the order for a second examination of the judgment debtors
herein was granted were the following:

"Deponent further says that he is informed and verily believes that said
judgment debtors were examined under this judgment in supplementary pro-
ceedings in 1891, but that since that time they have acquired and owned prop-
erty which could not be reached by said former order, and which should
have been applied to the payment of the judgment above referred to.   That
said former proceeding has been abandoned."

It seems to be a well-settled rule that, where a debtor has once been
fully examined in supplementary proceedings, a second order for
his examination will not be granted, except upon proof that he has
since acquired property, or that an alias execution has been issued,
or returned unsatisfied.   Losee v. Allen, 17 Misc. Rep. 275, 40 N. Y.
Supp. 349; Canavan v. McAndrew, 20 Hun, 46; Grocers' Bank v.
Bayaud, 21 Hun, 203.   Defendants' counsel contends that whether
the judgment creditor is entitled to a second examination is a ques-
tion of discretion, to be exercised by the judge granting the order,
and cites Bean v. Tonnelle, 24 Hun, 353.   That case simply holds
that a failure to show that no previous application for the order had
been made to any court or judge, as required by rule 25, was not
such an irregularity as required the court to vacate the order.   There
was no claim that a previous examination had been made in that
case.   That case has no application to the rule invoked here.   The
judge has no jurisdiction to grant the second order unless the affida-
vit alleges sufficient reasons therefor.   When sufficient facts are
alleged to give the judge jurisdiction, then it may very properly be
said that it rests in his sound discretion as to whether, upon those
facts, the judgment creditor ought to have a further or second exam-
ination of his judgment debtor.   It is only to that extent that the
question is discretionary.   In this case the facts stated are upon
information and belief, and do not state the sources of information
or the grounds of belief.   Such an affidavit is irregular and insuffi-
cient.   This is a general rule pertaining to all affidavits upon which
it is sought to obtain attachments, injunctions, and other important

orders, and is applicable to proceedings supplementary to execution. Matter of Parrish, 28 App. Div. 22, 50 N. Y. Supp. 735; Ammon v. Kellar, 21 Misc. Rep. 442, 47 N. Y. Supp. 595; Mowry v. Sanborn, 65 N. Y. 581, 584. For the foregoing reasons, I do not think the affidavit upon which the order was granted was sufficient. The motion must, therefore, be granted, with $10 costs.

Motion granted, with $10 costs.