(64 App. Div. 412.)

### SMITH v. CUTTER.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—THIRD PERSONS—EXAMINATION —AFFIDAVIT—SUFFICIENCY.

　　An affidavit to secure an examination, in supplementary proceedings, of a third person claimed to hold assets of the judgment debtor, which alleges in the alternative that such third person has "personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars," is defective.

2. SAME—APPOINTMENT OF RECEIVER—DISCONTINUANCE OF PROCEEDINGS.

　　Code Civ. Proc. § 2464, provides that the judge to whom is made returnable an order requiring a judgment debtor to appear and be examined may at any time after making the order appoint a receiver of the debtor's property, notice of the application to be given in all cases except where the appointment is made on the return day, or at the close of the examination. Section 2432 authorizes an order for examination against a judgment debtor—First, after return of execution; second, after issuance and before return; third, against a third person having assets of the debtor either before or after return of execution; and also provides that the last remedy may be pursued alone or simultaneously

with the others. *Held*, that the appointment of a receiver did not discontinue the supplementary proceedings, so as to relieve from examination a third person, brought into court after the receiver's appointment.

Appeal from special term, Kings county.

Proceedings supplementary to execution by Isaac Smith against John D. Cutter, judgment debtor, and the John D. Cutter Company, a corporation, brought into court under a third-party order. From an order denying a motion to vacate an order requiring the corporation to be examined, it appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Edward P. Lyon, for appellant.
Robert H. Roy, for respondent.

SEWELL, J. The plaintiff recovered judgment against John D. Cutter. 66 N. Y. Supp. 332. The execution issued thereon having been returned unsatisfied, an order was obtained in proceedings supplementary to the execution for the examination of the defendant. Such proceedings were had that Walter E. Warner was subsequently appointed receiver of defendant's property. The receiver demanded of the John D. Cutter Company certain silks in its possession, which the defendant had testified belonged to him, and the demand was refused. The plaintiff thereupon obtained an order for the examination of the company as a corporation having property of the judgment debtor, and the company thereupon obtained an order to show cause why the order directing the company to appear for examination should not be vacated and set aside. The motion was based upon the ground that the appointment of the receiver not only discontinued the proceedings in which the judgment debtor was examined, but operated as a bar to a proceeding to examine any person or corporation having property of the judgment debtor. The order for the examination of the John D. Cutter Company might have been vacated for the insufficiency of the affidavit upon which it was made, for the only statement in it as to the company having property or being indebted was "that the John D. Cutter Company has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars." This alternative statement alleged neither the one nor the other fact necessary to justify the granting of the order. Arnot v. Wright, 55 Hun, 561, 9 N. Y. Supp. 15; Collins v. Beebe (Sup.) 7 N. Y. Supp. 442. No motion was made to set aside the order for the insufficiency of the affidavit. If it had been, it would, without doubt, have been granted. It will also be observed that the insufficiency was fully supplied by the direct and positive statement as to the property in the affidavit upon which the order to show cause was granted. The special term did not, therefore, err in denying the appellant's motion to set aside the order, unless the appointment of the receiver terminated the right of the judgment creditor to institute a proceeding for the examination of a third party.

Section 2464 of the Code of Civil Procedure provides that at any time after the making of the order requiring a judgment debtor

to appear and be examined the judge to whom the order is returnable may make an order appointing a receiver of the property of the judgment debtor. It also provides that at least two days' notice of the application for the appointment of the receiver must be given in every case, except where the application is made on the return day of the order, or upon the close of the examination. It is apparent from the language of this section that an order appointing a receiver is not the chief object and end of these proceedings, and does not operate as a discontinuance. Proceedings supplementary to execution take the place of a creditors' bill of the court of chancery which involved the appointment of a receiver, and an order from a judge requiring an oral examination and discovery before a judge or referee. The appointment of a receiver under rule 191 of the court of chancery was ordinarily the first step taken on the appearance of the defendant before the master. After the receiver was appointed, the debtor was examined, and required to deliver to the receiver the property discovered on such examination. In People v. Mead, 29 How. Prac. 360, 366, Judge Smith says:

"I do not see why this is not the proper practice now. * * * If the receiver is not generally appointed immediately on the return of the order, I suppose it is omitted to save expense; but I have no doubt that the officer instituting and conducting these proceedings supplemental may appoint the receiver at any time while the proceedings are pending before him, in his discretion. * * * It cannot be, therefore, that he must be compelled to wait till a protracted examination of the judgment debtor is finished,— protracted, perhaps, for the very purpose of defeating the object of the proceedings by judgment, by allowing his assets to be scattered, and seized by other creditors, before the prosecuting creditor could have the receiver appointed; and it cannot be that he loses all right to discover from the judgment debtor after the appointment of such receiver. I can see no principle or reason upon which such a claim can be founded, and it is in clear conflict with the object and intent of this whole proceeding."

If an order appointing a receiver terminated the proceeding in which he was appointed, it would not prevent the judgment creditor from pursuing another proceeding to examine a third party having property of the judgment debtor. Section 2432 of the Code provides for three distinct remedies, each of which is a special proceeding: First, an order made against a judgment debtor after the return of the execution; second, an order made against a judgment debtor after the issuing and before the return of the execution; third, an order made after the issuing, and either before or after the return of the execution, against a person who has property of the judgment debtor, or is indebted to him. It also provides that a proceeding under the last subdivision may be pursued either alone or simultaneously with the proceeding under either of the others. It is apparent from the provisions of these sections that, when an affidavit stating the jurisdictional facts is presented, the judgment creditor is entitled to institute a proceeding for the examination against a person who has property of the judgment debtor, independent of the fact that a proceeding for the examination of the judgment debtor is pending, or has resulted in the appointment of the receiver.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.