STEINMANN et al. v. CONLON.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—RECEIVER—EXAMINATION OF THIRD PERSONS.

Where proceedings supplementary to execution had been commenced at the instance of another judgment creditor, in which a receiver had been appointed, such receiver on his qualification acquired title to all the judgment debtor's personal property, whether held by the debtor or by a third party, and hence a subpœna would not issue at the instance of a different judgment creditor for the examination of the third party to discover whether he had property of the judgment debtor subject to execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

In the Matter of Supplementary Proceedings in the action of Benjamin F. Steinmann and another, judgment creditors, against Eva K. Conlon. From an order denying a motion to vacate a subpœna issued to Edward B. Hosier, he appeals. Reversed.

See, also, 145 App. Div. 919, 130 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jay Noble Emley, of New York City, for appellant.

David Steckler, of New York City, for respondents.

PER CURIAM. This appeal is from an order denying a motion to vacate a subpœna requiring appellant to appear and testify in a proceeding supplementary to execution instituted by plaintiffs, the judgment creditors, against defendant, the judgment debtor.

No proceeding requiring the judgment debtor to appear is pending in which appellant could testify. It does appear, however, that an order has been granted directing a third party to appear and submit to an examination concerning the judgment debtor's property which it is claimed is held by him. A copy of such order is not set forth, nor are sufficient facts stated to enable the court to determine whether that order was granted in this proceeding, or whether there is any basis for requiring appellant to appear as a witness and give testimony concerning the judgment debtor's property held either by him or such third party.

Moreover, it appears that a receiver has already been appointed in proceedings supplementary to execution, at the instigation of another judgment creditor. Upon his appointment and qualification the title to all of the judgment debtor's personal property, whether held by the judgment debtor or a third party, vested in him. Moore v. Taylor, 40 Hun, 56. If there is property in the hands of a third party for whose examination an order has been obtained, that can now be reduced to possession only by the receiver. The examination of the appellant as a witness in a proceeding under that order would be futile, because, if property were discovered, it would belong to the receiver to be disposed of by him under an order of the court. Sorrentino v. Langlois, 144 App. Div. 271, 128 N. Y. Supp. 1003.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.