(80 Misc. Rep. 389.)

## In re WALKER.

### MURPHY v. CRAM.

(Supreme Court, Appellate Term, First Department. April 16, 1913.)

EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSONS.

    Where a receiver has been appointed at the instance of one judgment creditor an examination of a third person cannot be had thereafter in proceedings supplementary to execution at the instance of another creditor.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution in an action by James E. Murphy against Jacob Cram. From an order refusing to vacate or modify an order for the examination of Norman S. Walker, Jr., he appeals. Reversed, and motion to vacate granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Miller, King, Lane & Trafford, of New York City (Perry D. Trafford and James F. Sandefur, both of New York City, of counsel), for appellant.

McLear & McLear, of New York City (Herbert G. McLear, of New York City, of counsel), for respondent.

GERARD, J. At the instigation of another judgment creditor, a receiver has been appointed for Jacob Cram, and it is claimed by the appellant that, first, the third party cannot be examined in this proceeding, because in another proceeding, at the instigation of another judgment creditor, a receiver has been appointed; and, second, that some years ago this same third party was examined at the instigation of the particular creditor in this proceeding at bar, and that therefore no second examination can be had.

It is not denied that the action in which the receiver has been appointed for the judgment debtor is an action brought against him by his cousin, Seward Webb, and that the receiver is one Scoble, a clerk

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the office of Sidney Harris, attorney for Jacob Cram. The third party, Walker, who is sought to be examined in this proceeding, is the trustee and brother-in-law of Cram, the judgment debtor. It is also alleged that the judgment debtor consented to the appointment of this receiver, and has consented to the entry of orders of the Supreme Court directing the receiver to pay over funds to one Lockwood, to whom Seward Webb had assigned his judgment, said Lockwood being asssociated with Sidney Harris, the attorney for Cram, and that the said Harris or Lockwood has then paid the funds over to the said Cram.

The allegation of these facts would seem to indicate that the court below had not abused its discretion, if it had the power to order the examination of this third party; for otherwise a judgment debtor, by collusion with the plaintiff in one proceeding brought against him, could have a friendly receiver appointed, and thereafter cut off any further inquiry by other creditors into the matter of his assets.

Appellant cites Matter of Steinmann v. Conlon, 150 App. Div. 708, 135 N. Y. Supp. 740, as conclusive, and it would seem that this case, following Sorrentino v. Langlois, 144 App. Div. 271, 128 N. Y. Supp. 1003, holds that, where a receiver has been appointed at the instance of one judgment creditor, no examination of a third party can be had thereafter by any other creditor. We are therefore constrained to reverse the order appealed from.

Order reversed, with $10 costs and disbursements, and motion to vacate order for examination granted, with $10 costs. All concur.