<hr/>

### MURPHY v. CRAM.

### In re WALKER.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. EXECUTION (§ 370*)—SUPPLEMENTARY PROCEEDINGS.

    If a former proceeding for the examination of a third person in supplementary proceedings had been abandoned, or if the examination was desired as to property coming into the third party's hands or becoming owing by him to the debtor since the former proceeding was instituted, a subsequent proceeding for examination could be instituted, but since the creditor is entitled to but one examination as of right the facts as to the former proceeding should be shown, and the second examination limited to the period after the beginning of the first proceeding.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1096; Dec. Dig. § 370.*]

<hr/>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1074*)—HARMLESS ERROR—SUPPLEMENTARY PROCEEDINGS.

Where it was shown on the application to vacate an order allowing a second examination of a third person in supplementary proceedings that property of the debtor came into the third party's hands since the institution of the former proceeding, irregular practice in not requiring such a showing or that former proceeding was abandoned, as a condition granting a second examination, was not material error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4248–4252; Dec. Dig. § 1074.*]

3. EXECUTION (§ 409*)—RECEIVERS IN SUPPLEMENTARY PROCEEDINGS—VESTING OF PROPERTY.

If a judgment debtor resides in another county than that in which the order appointing a receiver is filed, the property vests in the receiver only from the time when a certified copy of the order is filed with the clerk of that county; Code Civ. Proc. § 2468, substantially so providing.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

4. EXECUTION (§ 409*)—RECEIVERS IN SUPPLEMENTARY PROCEEDINGS—TITLE TO PROPERTY.

The title of the receiver to a debtor's property relates back, as provided in Code Civ. Proc. § 2469, for the benefit of a judgment creditor instituting the supplementary proceedings.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

5. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—TITLE OF RECEIVER.

Property subsequenuy acquired by the judgment debtor does not vest in the receiver until his receivership is duly extended as provided by law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

6. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER.

The proceeding in which a receiver is appointed is not terminated by his appointment, but continues for discovering property which, under the direct provisions of Code Civ. Proc. § 2447, in a supplementary proceeding against a third person, may be summarily ordered delivered to the receiver, if the judgment debtor's right thereto is not substantially disputed, and also to discover property unknown to the receiver and fraudulent transfers made before the proceeding was instituted.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

7. EXECUTION (§ 411*)—SUPPLEMENTARY PROCEEDINGS—FRAUDULENT TRANSFERS.

The proceeding in which a receiver is appointed for a judgment debtor continues for the purpose of setting aside fraudulent transfers; the receiver having a right, for the judgment creditor, to set aside any fraudulent transfers to the extent necessary to satisfy the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1183–1190; Dec. Dig. § 411.*]

8. EXECUTION (§ 408*)—SUPPLEMENTARY PROCEEDINGS.

Under the substantially direct requirements of Code Civ. Proc. § 2466, on the extension of a receivership, the judgment creditor who instituted the proceeding to which it is extended has the same rights as if another receiver had been appointed in his proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1171; Dec. Dig. § 408.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

9. EXECUTION (§ 370*)—SUPPLEMENTARY PROCEEDINGS.

The fact that there has been an examination of the judgment debtor by one judgment creditor does not affect the right of every other judgment creditor to have at least one examination of the debtor or of a third party as a matter of right in view of Code Civ. Proc. §§ 2432, 2433, 2447, 2464, 2465, 2466, 2468, and 2469.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1096; Dec. Dig. § 370.*]

Appeal from Special Term, New York County.

Supplementary proceedings by James E. Murphy, on a judgment and execution in his favor against Jacob Cram, for the examination of Norman S. Walker, Jr., alleged to be indebted to the judgment debtor. From an order of the Appellate Term reversing an order denying a motion to vacate the order for the examination of Walker, the judgment creditor, Murphy, appeals. Reversed, and order of Special Term affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert G. McLear, of New York City, for appellant.

Perry D. Trafford, of New York City (James F. Sandefur, of New York City, on the brief), for respondent.

LAUGHLIN, J. In an action duly brought in the City Court of New York, the appellant recovered a judgment against the judgment debtor, Jacob Cram, for the sum of $971.93 on the 25th day of January, 1906, and the judgment roll was filed and the judgment docketed in the office of the clerk of the City Court, and a transcript of the judgment was filed and the judgment was docketed in the office of the clerk of the county of New York on the 28th of February, 1906, and an execution was duly issued on the judgment and returned wholly unsatisfied. Thereafter, and on February 10, 1913, on due proof of these facts and of the further fact that one Norman S. Walker, Jr., who resided and had a place for the regular transaction of business in person in the county of New York, had property of the judgment debtor exceeding the sum of $10 in value, and was indebted to him in an amount exceeding that sum, and that no previous application "for this order" had been made, an order was duly made by one of the justices of the City Court, duly entitled as a supplementary proceeding for the examination of a third person, requiring said Walker to appear before one of the justices of the City Court, at a time and place specified, to make discovery under oath concerning property of the judgment debtor in his hands, or his indebtedness, if any, to the judgment debtor. The respondent appeared on the return day of the order, and was partially examined, and the proceeding was adjourned. On the adjourned day he procured an order to show cause why the order for his examination should not be vacated. His motion to vacate the order was denied, and he appealed to the Appellate Term.

The respondent on his application to vacate the order for his examination showed that on the 9th day of March, 1907, in a proceed-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing supplementary to execution theretofore instituted against him, as a third person, by one William S. Webb, a cousin of the judgment debtor, who had theretofore and on the 17th day of April, 1903, recovered a judgment against him by default for $9,449.58, one Sooble, who was a clerk in the office of the attorney for the judgment debtor, was appointed by a justice of the Supreme Court receiver of "all the debts, property, equitable interest, rights and things in action of the said Jacob Cram," the judgment debtor; that the receiver duly qualified, and that on March 15th thereafter an order was duly made by the same justice directing the respondent forthwith to pay over and transfer and convey to the receiver all property in his possession or under his control belonging to the judgment debtor, and any property which might thereafter, until the further order of the court, "come into his possession or under his control belonging to said judgment debtor"; that in 1892 the judgment debtor and his wife conveyed certain real estate and transferred certain bonds to the respondent by a deed of trust, reserving to the judgment debtor the income therefrom during life; that this is the only property in the possession of the respondent in which the judgment debtor is interested, or on account of which the respondent is indebted to him, and that pursuant to said order the respondent has duly accounted to the receiver for the income of said property from time to time, and that at the time of making said motion there remained in his hands as income of said property only "a small sum"; that on or about the 12th of December, 1906, the respondent was served with an order for his examination as a third person in supplementary proceedings instituted by the appellant as a judgment creditor of said Cram, and was examined in said proceedings and signed his testimony therein on or about the 21st of January, 1907, and that the fact that the respondent was thus examined has been concealed from the court in making the application for his examination again.

It was shown by affidavit in opposition to the motion to vacate the order, among other things, that prior to the appointment of the receiver in the supplementary proceeding instituted on the Webb judgment that judgment was assigned to one Lockwood, who was associated in business with the attorney for the judgment debtor; that the appointment of the receiver was consented to by the judgment debtor, and procured by his attorney; that the income for which the respondent has accounted to the receiver has been turned over by the receiver to the attorney for the judgment debtor for the use and benefit of his client; that the receiver was collusively appointed for the protection of the judgment debtor against his creditors; that on the examination of the respondent on the return day of the order the latter stated that he was unable to give the details with respect to the disposition of the trust property and the income thereof, without using his records; and that he promised to exhibit the records to the attorney for the appellant during the adjournment, but subsequently refused so to do.

An opinion was written at the Special Term of the City Court on denying the motion, and at the Appellate Term on reversing the order.

No reference is contained in either of the orders or opinions to the point taken in the affidavit upon which the motion to vacate the order was made that the appellant instituted a third party proceeding against the respondent on this judgment in 1906, and examined him therein. It is evident that the learned justice of the City Court and the learned justices at the Appellate Term were of opinion that notwithstanding the failure of the judgment creditor to disclose the fact that he had had a former examination of the respondent and to show that the former proceeding had been abandoned or terminated, or that property of the judgment debtor has come into the hands of the third party since, the facts shown on the motion to vacate the order warranted the court in denying the motion, for neither in the opinion delivered at the Special Term of the City Court nor at the Appellate Term is this question considered.

[1] If the former proceeding was still pending, and the examination sought was with respect to property of the judgment debtor in the hands of, or owing by, the third party at the time that proceeding was instituted, then the examination should have been had therein (Riddle & Bullard on Supplementary Proceedings [3d Ed.] 482, 483, 484, and 485); but if, as seems probable from the fact that the respondent signed his testimony and from the lapse of time, it had been abandoned (see rule 30, General Rules of Practice; Riddle & Bullard, supra, 483, 485; Jurgenson v. Hamilton, 5 Abb. N. C. 149), although this is not necessarily so (see Matter of Falkenburg, 19 Misc. Rep. 418, 43 N. Y. Supp. 1137; Id., 20 Misc. Rep. 692, 46 N. Y. Supp. 675; People ex rel. Fitch v. Mead, 29 How. Prac. 360), or if the examination was sought with respect to property which came into the hands of the third party, or became owing by him to the judgment debtor since the former proceeding was instituted, and therefore could not have been reached in that proceeding, then the judgment creditor might properly be permitted to institute a new proceeding (Riddle & Bullard, supra, 484; Bendick v. Meyer, 72 Misc. Rep. 156, 129 N. Y. Supp. 772; 2 Fiero on Special Proceedings [3d Ed.] p. 1828). The judgment creditor, however, is entitled to only one examination as matter of right, and therefore on the application for the second order he should have shown the facts with respect to the former proceeding and its status, which he claimed entitled him to a second order for the examination of the third party, which should be limited to the period subsequent to the commencement of the first proceeding if that proceeding was pending or had been completed and terminated. Riddle & Bullard, supra, 484, 485; Rothschild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558; Brookway v. Brien, 37 How. Prac. 270; Shults v. Andrews, 54 How. Prac. 380; Grocers' Bank v. Bayaud, 21 Hun, 203; Canavan v. McAndrew, 20 Hun, 46; Losee v. Allen, 17 Misc. Rep. 275, 40 N. Y. Supp. 349; Schermerhorn v. Owens, 29 Misc. Rep. 674, 62 N. Y. Supp. 763; Irwin v. Chambers, 40 N. Y. Super. Ct. 432; McGuire v. Schroeder, 31 Misc. Rep. 179, 63 N. Y. Supp. 968; Rallings v. Pitman, 49 N. Y. Super. Ct. 307.

[2] In the case at bar, it was shown on the application to vacate the order that property of the judgment debtor came into the hands of

the third party since the institution of the former proceeding, and therefore, although the practice was irregular in the respects pointed out, we are not disposed to hold that the court erred in not granting the motion on account of the failure of the judgment creditor to show the facts with respect to the former proceeding and examination.

The learned justices of the Appellate Term appear to have been misled by a dictum of this court in Matter of Steinmann v. Conlon, 150 App. Div. 708, 135 N. Y. Supp. 740, based upon a decision made by the Second Department in Sorrentino v. Langlois, 144 App. Div. 271, 128 N. Y. Supp. 1003. In Matter of Steinmann v. Conlon, supra, a witness who had been subpœnaed to testify in a proceeding supplementary to execution moved to vacate the subpœna, and, his motion having been denied, he appealed to this court, where the order was reversed and the motion was granted, upon the ground that it did not appear that there was any proceeding pending requiring the judgment debtor to appear and be examined, and that sufficient facts were not stated to enable the court to determine whether the subpœna was issued in a proceeding entitled as a supplementary proceeding against a third party, or that there was any basis for requiring the witness to appear and be examined concerning property of the judgment debtor held by him or by a third party. It was observed in the opinion that a receiver of the property of the judgment debtor had been appointed in proceedings supplementary to execution instituted by another judgment creditor, and that title to all the personal property of the judgment debtor in whomsoever's hands it might be vested in such receiver on his appointment and qualification, and that, therefore, such property in the hands of a third person could only be reduced to possession by the receiver, and that consequently the examination of the appellant as a witness in a proceeding under a third party order would be futile. The case of Moore v. Taylor, 40 Hun, 56, was cited as authority for the proposition that the personal property of the judgment debtor vested in the receiver on his appointment and qualification.

[3-5] That statement is strictly accurate if limited to cases in which the judgment debtor resides in the county where the order appointing the receiver is filed, but, if he resides in another county, the property vests in the receiver only from the time when a copy of the order duly certified is filed with the clerk of that county (Code of Civil Pro. § 2468; Stephens v. Meriden Britannia Co., 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678; Reynolds v. Ætna Life Ins. Co., 160 N. Y. 635, 55 N. E. 305; Brunnemer v. Cook & Bernheimer Co., 180 N. Y. 188, 73 N. E. 19; Bostwick v. Menck, 40 N. Y. 383; Gilroy v. Everson-Hickok Co., 118 App. Div. 733, 103 N. Y. Supp. 620, affirmed 190 N. Y. 551, 83 N. E. 1125), and the title of the receiver relates back, as provided in section 2469 of the Code of Civil Procedure, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted (Droege v. Baxter, 69 App. Div. 58, 74 N. Y. Supp. 585, affirmed 171 N. Y. 654, 63 N. E. 1116); but property subsequently acquired by the judgment debtor does not vest in such receiver unless his receivership is duly extended as provided by law (Bostwick v. Menck, supra; Du Bois v. Cassidy, 75 N. Y. 298; Norcross v. Hol-

lingsworth, 83 Hun, 127, 31 N. Y. Supp. 627; 3 Rumsey's Practice [2d Ed.] p. 595). In Sorrentino v. Langlois, supra, cited in the opinion of this court as authority for the proposition that the examination of a witness in a third party proceeding would be futile, for the reason that any property that might be discovered would belong to the receiver and could only be reduced to possession and disposed of by him under an order of the court, the third party proceeding was instituted by the judgment creditor in whose behalf the receiver had been appointed. I am of opinion that the decision in Sorrentino v. Langlois, supra, and the dictum of this court following it, were erroneous in two respects. In neither case, under well-considered precedents, which were not cited, and therefore it is to be presumed there was no intention to overrule them, would title to property acquired by the judgment debtor subsequent to the appointment and qualification of the receiver vest in the receiver by virtue of his original appointment, and in neither case would the examination necessarily be futile, for thereby property, title to which had vested in the receiver, but the existence of which was unknown to him, might be discovered; and, if he did not "substantially" dispute the right of the judgment debtor thereto, the judge before whom the proceeding was pending might summarily order it delivered to the receiver (Code Civ. Pro. § 2447), or the receiver might then be enabled to sue therefor; and property subsequently acquired by the judgment debtor, title to which did not vest in the receiver, might be discovered, which would enable the judgment creditor, at whose instance the receiver had been appointed in the one case, to have the receivership extended to reach such property for the satisfaction of his judgment (Code of Civ. Pro. § 2466), and in the other, where the receiver had not been appointed at the instance of the same judgment creditor, the latter would be in a position to apply to the court, pursuant to the provisions of sections 2466, 2467, 2468, and 2469 of the Code of Civil Procedure, to have the receivership extended to his proceeding, and thereupon he would become entitled to have the property which vested in the receiver under his original appointment, as well as that vesting in him under the extension of the receivership applied in satisfaction of his judgment in the order of the priority of the special proceedings (Smith v. Cutter, 64 App. Div. 412, 72 N. Y. Supp. 99; Hubbard v. Lewis Co., 128 App. Div. 416, 112 N. Y. Supp. 1050; Youngs v. Klunder, 7 N. Y. Supp. 498; Guggenheimer v. Stevens, 7 N. Y. Supp. 263; People ex rel. Fitch v. Mead, supra; Lockwood v. Worstell, 15 Abb. Prac. 430, note). The right to institute the proceedings and to have the examinations is given to judgment creditors, and not to the receivers in supplementary proceedings, nor is it transferred to them on their appointment.

[6, 7] Even the proceeding in which the receiver is appointed is not terminated by such appointment, but continues for the purpose of discovering property which, if the proceeding be one against a third person, may be summarily ordered delivered to the receiver if the right of the judgment debtor thereto be not "substantially" disputed (Code of Civ. Pro. § 2447; Matter of First Nat. Bank v. Gow, 139 App. Div. 576, 124 N. Y. Supp. 449), and property unknown to the receiver,

but title to which has vested in him, and thus enable him to reduce it to possession by action, if necessary (Smith v. Cutter, supra; Matter of De Leon, 63 App. Div. 41, 71 N. Y. Supp. 380; People ex rel. Fitch v. Mead, supra; Morrell v. Hey, 15 Abb. Prac. 430; Matter of First Nat. Bank v. Gow, supra; see Code of Civ. Pro. § 2432), and for the purpose of discovering fraudulent transfers of property made by the judgment debtor before the special proceeding was instituted, in which case the receiver, in the right of the judgment creditor and not in the right of the judgment debtor, is vested with a cause of action to set aside the fraudulent transfer to the extent necessary to satisfy the judgment (Stephens v. Meriden Britannia Co., supra; Hubbard v. Lewis Co., supra).

[8] The institution of a supplementary proceeding by each creditor is necessary to the protection of his rights for the reason that a receiver in supplementary proceedings, unlike a general receiver, is receiver only for the benefit of the judgment creditor at whose instance he is appointed, and those to whose separate supplementary proceedings the receivership is extended; and on the extension of a receivership the judgment creditor who instituted the proceeding to which it is extended has the same rights as if another receiver had been appointed in his proceeding. Code of Civ. Pro. § 2466; Stephens v. Meriden Britannia Co., supra; 2 Fiero on Special Proceedings (3d Ed.) p. 1855; Rumsey's Practice, p. 602.

[9] Aside from the precedents on this point, it seems to me that by the express provisions of the Code of Civil Procedure relating to proceedings supplementary to execution it is contemplated that each proceeding, whether it be one against the judgment debtor after the issuance and before the return of the execution, or one against him after the return of the execution, or one against a third party, is separate and distinct, and that the only manner in which property acquired by the judgment debtor subsequently to the original appointment of a receiver can be reached is by an extension of the receivership, which may be done at the instance of another judgment creditor and for his benefit; and the fact that there has been an examination of the judgment debtor by one judgment creditor does not affect the right of every other judgment creditor to have at least one examination of the judgment debtor, or of a third party, as matter of right. Code of Civ. Pro., §§ 2432, 2433, 2447, 2464, 2465, 2466, 2468, 2469; 3 Rumsey's Practice (2d Ed.) p. 546; Canavan v. McAndrew, supra; Grocers' Bank v. Rayaud, supra; Rallings v. Pitman, supra; Marshall v. Link, 20 Civ. Proc. R. 109, 13 N. Y. Supp. 224; 2 Fiero on Special Proceedings (3d Ed.) pp. 1757, 1789, 1790, 1793; Matter of First Nat. Bank v. Gow, supra; Hubbard v. Lewis Co., supra; Youngs v. Klunder, 7 N. Y. Supp. 498.

It follows that the determination of the Appellate Term should be reversed with $10 costs and disbursements in this court and in the Appellate Term, and order of the City Court affirmed.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur. SCOTT, J., concurs in result.