BERNARD E. HYMAN and Others, Copartners Doing Business under the Firm Name and Style of HYMAN & Co., Judgment Creditors, *v.* HARRY SPECTOR, Judgment Debtor.

City Court of New York, New York County, December 12, 1933.

*Brodek, Raphael & Eisner*, for the judgment creditors.

*Halprin & Begun Brothers*, for the judgment debtor.

LA FETRA, Ch. J.   The debtor is now the president of H. Spector, Inc., which is now carrying on a wholesale dressmaking business with its factory and store on the same street in the city of New York. Formerly he was in the same kind of business conducted under the name of Spector & Perlberg.   His wife, Anna, owns the entire capital stock of the corporation.   The debtor testified that he occasionally signed checks as president, but that he does not work for the corporation.   He testified, however, that he occasionally went there to read.

The debtor is undergoing examination in proceedings supplementary to execution before a justice of this court.   (Civ. Prac. Act, § 778.)   The purpose of the article is to aid a court of equity to reach the tangible and intangible assets of a debtor, and to distribute the proceeds derived therefrom to his just creditors. The court's duty is similar to that of a master in chancery in equity. The jurisdiction of this court being limited, it is without authority in these proceedings to set aside fraudulent transfers which conceal the assets of a debtor.   That power still remains in the Supreme Court.   Article 6, section 1, sentence 1, of the Constitution of the State of New York reads as follows: " The Supreme Court is continued with general jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is or hereafter may be prescribed by law not inconsistent with this article."

The duty of this court is to conduct the hearing and where there is sufficient evidence of an unlawful transfer to appoint a receiver of the debtor's property.   (*Matter of Walker*, 157 App. Div. 609, 617.)

In *Matter of Stafford* (105 App. Div. 46) the court determined that the transfer therein referred to was without fraud.   This it did in the exercise of its affirmative equitable powers, which this court does not possess.

The motion to fix the debtor's salary is denied, without prejudice to renew, and order signed.

The motion for the appointment of a receiver is granted.   Submit order for the appointment of a receiver upon the filing of a bond in the penalty of $500.