# SUPREME COURT.

The TOMPKINS COUNTY BANK agt. WILLIAM TRAPP.

A party examined under § 294 of the Code can only be required to answer concerning his alleged indebtedness to the judgment debtor, and as to the fact whether he has property belonging to him; and a general denial on oath of both propositions is all that can be required.

It seems that under § 295 such a party may be examined fully and rigidly as a witness; and it is no excuse from answering, that he sets up a claim to the property.

*At Chambers, April,* 1861.

E. P. BROOKS, *Chemung County Judge.*

THE defendant in this action having been examined pursuant to § 292 of chapter two of the Code, and a receiver having been duly appointed under § 298 of the same chapter; on application of the plaintiff, made in pursuance of the provisions of § 294, the county judge by order directed David Trapp to appear before a referee to answer, &c.

David Trapp, in pursuance of such order, afterwards appeared before the referee, and on being examined on oath by the plaintiff's counsel, answered generally that he was not indebted to the defendant in this action, and denied having property of any kind belonging to him.

The plaintiff's counsel propounded several interrogatories touching the ownership of certain property in the possession of David Trapp, and which he had theretofore received from the defendant in this action, the value of which amounted to several thousand dollars, and insisted upon a particular and definite answer to each interrogatory. The questions in themselves were pertinent to the subject matter of inquiry, and proper, provided the party interrogated was bound to respond. Trapp declined to answer more specifically than he had done, on the ground that he could only be inquired of as to the fact whether he was indebted to, or had property belonging to the judgment debtor; and that a general answer upon those points was all that could be required of him.

The plaintiff's counsel now applies to the county judge upon the report of the referee, showing the above facts, for an order requiring the said David Trapp to show cause why he should not be punished as for a contempt in his refusal to answer.

R. KING, *for motion.*

A. ROBERTSON, *opposed.*

By the court, BROOKS, County Judge.   I have been unable
to find any adjudged case involving directly the question
here presented.   There can be no doubt of the power of the
court to punish as for a contempt disobedience of its orders
in these proceedings; it is a power incident to the due
administration of justice, and essential to the enforcement
of the statute under which these proceedings are had.  This
power was inherent, in a general sense, to judicial tribunals
prior to the passage of the Code, and it is expressly con-
ferred by the Code.   ( *See* § 302.)

The question, then, to be determined, is whether there
has been a willful disobedience in this case, by the party
refusing to make a more *particular* and *specific* answer.   In
other words, had the plaintiff's counsel a right to examine
this party as to the particular business transactions and
relations between him and the judgment debtor?   If the
object of the legislature, in enacting § 294, was to enable
a creditor to seek out the property of a dishonest debtor,
strip it of the covering of an equally dishonest confederate
or friend of the debtor, and expose it to the process of
execution, then it would seem an idle ceremony to provide
only for a general answer on the part of a party alleged to
have property of, or to be indebted to the judgment debtor,
and constitute such party the sole judge of both the law
and the fact in the case.   I·am inclined, however, to think
that such was not the object of the legislature, but that it
was to provide for cases, by this section, where a third
party had property of the judgment debtor, or was indebted
to him, and did not deny or dispute such fact upon being
required to "answer concerning the same."

It will be perceived that the provisions of §§ 292 and 294
are essentially different.   By the former it is provided that
"either party may examine witnesses in his behalf," and
the judgment debtor "may be examined in the same man-
ner as a witness."   By the latter it is simply provided that
the third party "shall answer concerning the same," i. e.,

his alleged indebtedness, &c.   Had this section, like § 292, provided that the third party should be examined "in the same manner as a witness," or that "either party might examine witnesses in his behalf," then it would seem more clear that it was intended that the allegation of the creditor was to be traversed, and the question of fact settled by the court.

I think it will be seen by reading carefully §§ 294, 297 and 299 in connexion, that § 294 was intended to provide for such cases only, where the allegation of the creditor is undisputed by the third party; by § 297, it is provided that the judge may order any property of the judgment debtor, not exempt from execution in the hands of himself or any other person, or due to the judgment debtor, to be applied towards the satisfaction of judgment; but this power conferred by § 297, of summarily disposing of the property of third persons is modified and limited by § 299, which provides, " if it appear that the person or corporation, alleged to have property of the judgment debtor, or indebted to him claims an interest in the property adverse to him or denies the debt, such interest or debt shall be recoverable *only* by the receiver, &c."   Hence, it will be seen that if the third party deny the allegation of the creditor, the power of the court so far as he is concerned is at an end, except to forbid by order a transfer or disposition of such property or interest, until the receiver may commence and prosecute an action to judgment and execution.

In this case David Trapp denies the indebtedness, or that he has property, &c.; the referee or county judge had no right to try this disputed claim.   (See *People* agt. *Hulbert*, 1*st Code R.*, *N. S.*, 75.)   It could only be tried in an action by the receiver.   (*Catlin* agt. *Doughty*, 12 *How. Pr. R.*, 457; *Sherwood* agt. *N. Y. City R. R. Co.*, *id.*, 136.)   And if the court could not try it, why further investigate it? No purpose is to be answered so far as the proceedings before the county judge is concerned.   He can make no

order under § 297, no matter how well he may be convinced that the claim of the third party is unfounded or how untruthful the denial of the debt, he is foreclosed by § 299, from further action.

But it may be claimed that the creditor is entitled to a rigid examination of the third party and to establish by his oath if he can, the allegation of the creditor of indebtedness, &c., and to show fraud in the transactions between the parties; that the claim of the third party is fictitious, and his denial of indebtedness false. I think this claim answered by the suggestions I have already made; if the examination of the party is desired with a view to its use in an action to be prosecuted by the receiver, such object could have been attained by calling him as a *witness*, in the proceedings against the judgment debtor, under § 295. On an examination under this latter section, *as a witness*, he would not have been excused from answering fully, because he set up a claim to the property. (See *Sanford* agt. *Carr*, 2 *Abb.*, 462.)

This latter section I think was intended to aid the creditor in discovering the property of a fraudulent debtor by allowing a full and rigid examination *as a witness*, of any person the creditor might have reason to suspect, was concealing the property of the debtor, or indebted to him; but I am inclined to think that such is not the object of § 294, but that a party examined under it, can only be required to answer concerning his alleged indebtedness to the judgment debtor, and as to the fact whether he has property belonging to him, and a general denial on oath of both propositions is all that can be required.

I therefore deny the motion; but as the question is a new one, and not free from doubt, without costs.