# SUPREME COURT

## CONRAD C. CROUNSE agt. JOHN WHIPPLE.

## JOHN KEENHOLTS agt. THE SAME.

Prior to the amendment of section 344 of the Code in 1860, an appeal from an order of the county judge in *supplementary proceedings*, would not lie in any cause originating in a justice's or county court. But under said amendment of that section, appeals now lie in such cases.

Supplementary proceedings are limited to reaching the property of the judgment debtor in his possession, or in the possession of another party, which are conceded to belong to the defendant.

Where property is in the hands of others who make claim to it, the judge has no power to proceed and try the question of title. The proper course is for the judge to appoint a receiver, who may bring an action to try the claim of title.

*Albany General Term, March,* 1865.
*Before* PECKHAM, MILLER *and* INGALLS, *Justices.*

APPEALS from orders made by the county judge of Albany county in the above actions, in proceedings supplementary to execution, requiring Elizabeth Whipple, the wife of John Whipple, to pay the amount of a judgment in each of said actions against her husband, the defendant therein, and the costs of the proceeding. The evidence shows that Elizabeth had advanced money to her husband, which, it is claimed,

belonged to him; and that a mortgage was executed to her by one Alonzo Whipple upon a farm sold to him by John Whipple, to secure her $1,000 for the money alleged to have been paid, as well as for her contingent right of dower in the farm, and to procure her release of the same. The amount of the mortgage had been paid to her. Elizabeth was made a party to the proceedings, and she and her husband both appealed from the orders made by the county judge.

The judgments were originally obtained before justices of the peace, a transcript filed and executions issued by the county clerk.

A. B. VOORHIES, *for appellants,*
C. M. HUNGERFORD, *for respondents.*

*By the court,* MILLER, J. A preliminary objection is taken to the appeals made in these causes, from the orders of the county judge, upon the ground that no appeal lies from an order of a county judge, in proceedings supplementary to execution, in a cause originating in a justice's or in a county court.

In *Smith* agt. *Hart* (11 *How.* 203), it was held, that such an appeal did not lie. This decision was made in 1855, and since that time section 344 of the Code has been amended, and by the amendment an appeal is authorized to the supreme court " from any order affecting a substantial right made by a county court or a county judge, in any action or proceeding." Under this provision, I think an appeal can be had and the objection therefore, is not well taken.

The remaining question presented relates to the power of the county judge to make an order, to compel the wife of the defendant to pay over the amount of the several judgments to the plaintiff. The proof shows that the alleged consideration of the mortgage, which Elizabeth Whipple held, was for money loaned to her husband, as well as for her joining with her husband, in a conveyance of his real estate. This claim was disputed upon two grounds : *First,* that the

moneys alleged were not advanced by the wife to her hus-
band; and *secondly*, because the defendant had no right to
secure his wife's contingent right of dower in his real estate.
The question whether the moneys were actually advanced,
and whether there was a sufficient equitable consideration,
to uphold the security given, were matters of grave dispute. So
also, the question as to the right to secure the contingent
dower of the wife in such a manner, and its value if such a
right existed, was a matter which would only be satisfac-
torily determined after full proof and due deliberation, in a
suit instituted for that purpose. Under such a state of
things, as I understand the rule, the judge had no power to
make an order to pay over the money. Supplementary pro-
ceedings are limited to reaching the property of the debtor
in his possession, or in the possession of another party, which
are conceded to belong to the defendant, when it is in the
hands of others, who make claim to it, the judge has no
power to proceed and try the question of title; but the
proper course is, to appoint a receiver by whom an action
may be brought against the party claiming the property, to
test the validity of the claim. (*Stewart* agt. *Foster*, 1 *Hilt.*
505; *Hall* agt. *McMahon*, 10 *Abb.* 103; *Teller* agt. *Ran-
dall*, &c., 40 *Barb.* 242; *Code*, §§ 297, 298 *and* 299.)

I am inclined to think therefore, that the county judge
erred in making an order to pay over the moneys. The
orders should have been for the appointment of a receiver to test
the question, as to the claim of the defendant's wife to the
moneys, and the orders should be modified accordingly.
The costs of the proceedings and appellant's costs of this
appeal, must abide the result of the litigation.