GOULD and others vs. DODGE, impleaded, etc.

*Supplementary proceedings; powers of circuit court in regard to appointment of referee.*

1. The provision of sec. 88, ch. 134, R. S. (Tay. Stats. 1564, § 100), that after execution returned unsatisfied, the judgment ereditor is " entitled to an order from the judge of the court, or county judge, or court commissioner," etc., requiring the judgment debtor to appear and answer concerning his property, is not to be construed as denying to the circuit *court* the power of making such an order.

2. Provision having been made for such an order, the circuit court, by the powers inherent in it under the constitution, could make and enforce the order in a proper case; and *quære* whether the legislature could deprive it of such power.

3. The power of the court to appoint a referee in such a case, and require the judgment debtor to appear before him, is also expressly provided for by sec. 93 of said ch. 134. (Tay. Stats., 1566, § 105.)

APPEAL from the circuit court for *Milwaukee* county.

Plaintiffs, having obtained judgment in the circuit court for

Milwaukee county, against the defendants, *Dodge* and *Abell*, and execution having been returned *nulla bona*, the court, upon the application of plaintiffs, ordered that the defendant *Dodge* appear before a referee, to make discovery as to his property. *Dodge* appeared before the commissioner or referee designated by the court, but only for the purpose of objecting to his jurisdiction, upon the ground that the court had no authority to issue the order, which should be issued by a judge, a county judge, or a court commissioner. The referee overruled the objection and defendant refused to answer. These facts being reported to the court, a rule was issued upon *Dodge*, to show cause why he should not be attached for refusing to submit to the examination. Upon the return to the rule and after hearing of counsel, an order of attachment was issued against *Dodge*, from which order he appeals.

*George B. Goodwin*, for appellant, argued that the statute having provided that the supplementary proceedings should be had before the judge of a court, a county judge, or a court commissioner, it must be strictly followed, and no other court or person could exercise the jurisdiction. The maxim *expressio unius, exclusio alterius*, should be applied in the construction of the statute. *Miller v. Rossen*, 15 How. Pr., 10; *Betting v. Vanderburgh*, 17 How. Pr., 80.

*A. C. Fraser*, for respondent, contended that the circuit court had inherent power to make the order of reference, independent of any statute, citing *Wicker v. Dresser*, 13 How. Pr., 331; *People ex rel. Kearney v. Kelley*, 22 id., 309. To the point that the statute confers on the court ample power to make an order requiring a judgment debtor to appear before a referee to answer concerning his property, counsel cited R. S., ch. 134, secs. 93 and 97; *Smith v. Johnson*, 7 How. Pr., 39; *Green v. Bullard*, 8 id., 313; *Wilson v. Andrews*, 9 id., 39; *Hulsaver v. Wiles*, 11 id., 446; *Conway v. Hitchens*, 9 Barb., 378.

DIXON, C. J. The language of the first clause of the sec-

tion, under which the order was made, requiring the defendant to appear before the referee to be examined and make discovery on oath concerning his property, literally taken, justifies in some measure the conclusion of counsel for the defendant that the court could not make the order. The words of the statute are that the judgment creditor "is entitled to an order from the judge of the court, or a county judge, or court commissioner of the county, to which the execution was issued." R. S., c. 134, § 88. 2 Tay. Sts., 1564, § 100. Counsel applies the maxim, *expressio unius est exclusio alterius*, and construes the statute as if the legislature, in declaring that the judgment creditor is entitled to the order from the officers named, had furthermore declared that he shall not be entitled to the same or a like order from the court in which the judgment was rendered, and from which the execution issued and to which it was returned. Mr. Broom (Legal Maxims 506,) informs us that great caution is always requisite in the application of the maxim relied upon. It seems to us there is room for the exercise of such caution here, and that a proper exercise of it must deny the application of the maxim. The legislature, in conferring the power upon the officers named, undoubtedly understood that those officers could not exercise it unless specially conferred, and hence the express authority given. But with respect to the court the question was quite different. The legislature must have known, previous to the order being enacted, that the circuit court possessed inherent power, given by the constitution, to make and enforce the order whenever the proper case arose. Under such circumstances it is more than questionable, therefore, whether the legislature could, by any form of enactment or by express words, deprive the circuit courts of this state of their jurisdiction in the premises. But upon the language of the statute here used, the presumption must be that the legislature omitted to name the court, not because of an intention to deprive it of jurisdiction, if the legislature had possessed such power, but because it was well known that the

court would have power to make the order without being expressly named; and this presumption is not, under the circumstances, to be encountered or overcome by the fact that the legislature have used the word "court" in other parts of the section in connection with the same officers named, or in authorizing other kindred orders to be made.

Another section of the same statute expressly provides, that in supplementary proceedings, "the party or witness may be required to attend before the judge, or before a referee appointed by the court or judge." R. S. c. 134, § 93, 2 Tay. Sts., 1566, § 105.

The appointment of the referee and requirement of the judgment debtor to appear before him in this case, were, therefore, proper. We see no error in the proceedings or order appealed from, and the same must consequently be affirmed.

*By the Court.*—Order affirmed.