THOMPSON & SONS MANUF'G CO.  v.  GUENTHNER *et al.*

1.  Where, in supplementary proceedings for the examination of a third party alleged to be indebted to the execution defendant, such party in good faith denies any indebtedness, the question of fact whether he is so indebted or not cannot be tried and determined in such proceeding.

2.  Section 5182, Comp. Laws, provides, in effect, that in such case the question of indebtedness shall be determined in an action by a receiver.

3.  In such case an order of the court or judge, after trial of such question of fact, that such party pay over to the sheriff a certain amount so found to be owing to the execution defendant, is not only erroneous, but without authority, and void.

4.  Upon such facts, such an order should be set aside by the court upon proper application, and it is error to refuse.

5.  The rule that an order refusing to set aside an appealable order is not appealable is not imperative where the first order was plainly and obviously made without jurisdiction.

(Syllabus by the court.  Opinion filed July 17, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Supplementary proceedings by the J. Thompson & Sons Manufacturing Company for the examination of Christopher Guenthner and Frederick Haar, partners as Guenthner &

Haar, as to an alleged indebtedness to Reede Bros. From an order refusing to set aside an order requiring said Guenthner & Haar to pay over a certain amount to said manufacturing company, they appeal. Reversed.

The facts are stated in the opinion.

*G. P. Harben,* for appellants.

The judge, and not the court, has the authority to entertain, continue and conduct proceedings supplementary to execution in reference to persons who have property of, or are indebted to the judgment debtor. Biting v. Vanderbough, 17 How. 80; Com. Laws, § 5176; Miller v. Bossman, 15 How. Fiew. Spea. Proc. 514. A proceeding supplementary to execution is entirely statutory. Hassie v. I. W. N. Cong. 35 Cal. 378; McDonald v. Vinette, 58 Wis. 620; Deminett v. Estes, 56 N. H. 315; Blone v. Burdick, 1 Hill, 130; People v. Spencer, 55 N. G. 4; Bryan v. Smith, 10 Mich. 229; Fansom v. Williams, 2 Wall 313. If a creditor claims the application of a demand or debt due the debtor from a third person which debt is denied, the judge cannot try the title to the debt. People v. Hurlburt, 5 How. 136; Tompkins v. Trapp, 21 How. 17; Sherwood v. Buffalo, 12 How. 136; Crounse v. Whipple, 34 How. 333.

*Joe Kirby,* for respondent.

An appeal from an order must be perfected within sixty days; the appellant cannot extend this time by moving the court to vacate the objectional orders and then appealing from the latter. Van Steennick v. Miller, 18 Wis. 320; Weber v. Fichetter, 1 S. D. 205; Hall v. Harris, 1 S. D. 279; White v. Perkins, 16 Ind. 358; Henley v. Hastings, 3 Cal. 341; Stearns v. Marvin, 3 Cal. 376; Natoma v. Parker, 16 Cal. 84; Id. v. Clarkin, 14 Cal. 551; Curtis v. Sutler, 15 Cal. 265; Coombs v. Hibbard, 43 Cal. 452; Thompson v. Lynch, 43 Cal. 484; Kitteredge v. Stevens, 23 Cal. 283; Estate of Burns, 54 Cal. 223; Reade v. Allison, 489; Higgins v. Mahoney, 50 Cal. 446. The exceptions should be settled by the judge making the order by incorporating into the record all papers and evidence upon which the de-

cision or order is based. Laurat v. Miller, 11 Pac. 745; Purden v. Taylor, 9 Pac. 745; Purden v. Taylor, 9 Pac. 607; Guthrie v. Phelan, 6 Pac. 107; Nach v. Harris, 57 Cal. 242; Seehorn v. Railway, 60 Cal. 25; DeLendrecie v. Peck, 48 N. W. 342; Brown v. Delevan, 63 Cal. 303. An order must be entered by the clerk of record in the same manner as a judgment before it is appealable. Comp. Laws, § 5236; Whittaker v. Desforse, 7 Bosw. 678; Smith v. Dodd, 3 E. D. Smith 215; Gallt v. Finch, 24 How. Pr. 193; Marchall v. Francises, 10 How. Pr. 147; Plato v. Kelley, 16 Abb. 188; Hastings v. Hastings, 31 Cal. 98.

The fact that the judge may be holding court does not deprive him of the power to make an order as judge. Dressor v. VanPelt, 15 How. B. 19; In re Knickerbocker B'k. 19 Barb 602; Hulcover v. Wiles, 11 How. Pr. 446.

Kellam, J. On the 21st day of April, 1893, upon an affidavit, the sufficiency of which is not questioned, an order was made by the circuit court of Minnehaha county, for the examination, in proceedings supplementary to execution, of the respondents, Guenthner & Haar, upon allegations of their indebtedness to J. & H. Reede, defendants in execution. Upon such examination in open court, in which both parties, by their attorneys, were present and participated, the court made and filed findings of fact, upon which it made and entered an order requiring the said Guenthner & Haar to pay over to respondents the amount to which the court found they were indebted to the execution defendants. This order was made and entered July 13, 1893. On the 15th day of August, 1893, Guenthner & Haar made application to the court on an order to show cause to set aside the order of July 13, 1893. This application was denied, and an order was made and entered refusing the same. Both these orders were plainly and confessedly made in and by the court, and not by the judge. From the latter order Guenthner & Haar appealed.

Respondent moves to dismiss the appeal, on the ground that the first order was not appealable, and that an order re-

fusing to vacate an appealable order is not appealable. Appellants contend that the court had no authority to make the order of July 13th, the power to act in the matter being by statute expressly conferred upon the judge, and not upon the court; and further, that, appellants having denied any indebtedness to the judgment debtor, neither the court nor the judge had authority in such summary proceedings to adjudicate and determine the question of indebtedness; and that such attempted adjudication was void, under the statute. While it has been distinctly held in New York, in several cases, that the power to make the order and entertain proceedings supplementary to execution rests with the judge, and not with the court, we are not entirely satisfied to adopt such conclusion as the necessary effect of the statute. However, with the view we take of the effect of the denial of the indebtedness, it is not necessary now to discuss or decide whether or not the court had authority, as held in Gould v. Dodge, 30 Wis. 621, to make the order. Appellants denied that they were indebted to the judgment debtors. In such case the statute (section 5182, Comp. Laws) provides that the "debt shall be recoverable only in an action against such person * * * by the receiver." When appellants denied owing this alleged debt to the judgment debtor, neither the court nor the judge had legal right to proceed to examine in such summary way whether it did owe such debt or not. The law had provided another remedy, by action by a receiver, where the rights of the parties could be determined in the usual course of a suit at law. When appellants, in apparent good faith, denied that they were indebted, fully stating the grounds of such denial, and thus made the rights of the parties to depend upon the settlement of this issue of fact, nothing remained to be done but the appointment of a receiver, and an order preserving the relation of the parties in statu quo. Bank v. Pugsley, 47 N. Y. 368; Bank v. Trapp, 21 How. Pr. 20; People v. Hulbert, 5 How. Pr. 446; Crounse v. Whipple, 34 How. Pr. 333; Hagerman v. Tong Lee, 12 Nev. 331; Parker v. Page, 38

Cal. 526. The statute having so expressly provided, it was not simply error in the court to proceed and adjudicate upon such question, but such action was without authority and void. See cases last cited.

If the order of July 13th, were simply erroneous, an appeal from the subsequent order refusing to vacate it would be dismissed under the rule invoked by respondent; but as we intimated in Vert v. Vert, (S. D.) 54 N. W. 655, there seems to be no good reason for holding such rule imperative, where the first order was one which the court or judge had no jurisdiction to make, although the rule is often broadly stated without such qualification. An order erroneous, and therefore voidable becomes established and operative as a valid order if not attacked within the time prescribed by statute, but a void order is a nullity, and always remains so. No rights can ever be built upon it. Neither party can be prejudiced by striking such an order from the records, for it is binding neither upon the court nor the parties. Every court of general jurisdiction has inherit power to purge its records of such an order. Black, Judgm. § 307, and cases cited; Freem. Judgm. § 98, and cases cited. A party against whom such an order or judgment is entered, has a right to have it vacated, upon proper application to the court which made or rendered it. Black, Judgm. § 318, and cases cited. The court having made the order of July 13th without jurisdiction, it should have vacated it on appellant's motion. The order refusing to do so is reversed, and the case remanded for action by the circuit court in accordance with this opinion. All the judges concur.