(23 Misc. Rep. 254.)

### MILLAR v. WEAVER.

(City Court of New York, General Term. March 22, 1898.)

SUPPLEMENTARY PROCEEDINGS—EVIDENCE.

> In supplementary proceedings, a trustee of the debtor was subpœnaed for the purpose of showing that the property held by him exceeded in value the consideration for which the debtor claimed to have sold his interest, and also that the purchase price of said interest had been paid by the alleged trustee, instead of the alleged purchaser. *Held,* that the exclusion of such evidence was error.

Appeal from special term.

Action by Charles W. Millar against William W. Weaver. Judgment for plaintiff, and from an order in supplementary proceedings declaring the examination closed, without requiring defendant to answer such questions, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and OLCOTT, J.

J. Noble Hayes, for appellant.
Blair, Phelps & Lyman, for respondent.

FITZSIMONS, C. J. The judgment debtor, having a one-sixteenth interest in an estate apparently valuable, transferred it to one Howard for $800, who stated that he agreed at the time said transfer was made that he, in turn, would transfer said interest to one Truslow whenever he was requested by Truslow to do so, and that Truslow had furnished him, he thought, with the consideration money paid to the judgment debtor. At the time said transfer was made, Truslow held, as trustee, the one-sixteenth interest which the judgment debtor had in the estate in question, and was also the judgment debtor's cousin. Upon the examination of Truslow herein, he was subpœnaed as a third party for the purpose of showing that he held property of the judgment debtor. The judgment creditor endeavored to prove by him that the value of the property exceeded the consideration price paid; also, that he paid the purchase price of said interest, instead of Howard, the alleged purchaser; the value of the monthly rental of such interest; also, why the transfer was made to Howard. All questions in this line of examination the witness Truslow declined to answer, and the special term justice, upon motion, declared his examination closed, without requiring him to answer them. In so acting, we think, the learned justice erred. The judgment creditor upon this examination had a right to show that such transfer was a fraud upon creditors, and that Truslow held such interest as a fraudulent transferee holding in fraud of creditors, and

that said transfer was in fact a mere blind and subterfuge entered into between said debtor and Truslow for the purpose of preventing creditors from collecting debts due them from Weaver. Lathrop v. Clapp, 40 N. Y. 328. If the answers to said questions showed a fraudulent sale, then, of course, in an action brought by a receiver to set aside the transfer made, it would be set aside, and then honest creditors paid their claims as far as such interest would do so. The very purpose of examinations of this character is to discover property of the judgment debtor. If found in his possession, he must turn it over to a receiver or sheriff as directed by the court. If found in the hands of dishonest and fraudulent transferees, such receiver may institute proper proceedings to recover the same, and, when recovered, apply it to payment of the judgment which caused his appointment.

The order appealed from should be reversed, and the witness Truslow required to answer the questions which he refused to answer, and any other questions which may be deemed proper by the special term justice. Order reversed, with costs.

OLCOTT, J., concurs.