## In re BURKE.

(District Court, E. D. New York. June 18, 1907.)

BANKRUPTCY—SUPPLEMENTARY PROCEEDINGS—STAY.

Where bankruptcy proceedings intervened pending supplementary proceedings against the bankrupt, which were thereupon stayed, and the claim of the creditor conducting the proceedings was one provable in bankruptcy proceedings, and from which the bankrupt might obtain a discharge, he was entitled to have any further examination either of himself or third persons conducted in the bankruptcy proceedings, and hence the creditor could not obtain a vacation of the stay on the ground that the supplementary proceedings could be carried to a termination in the state court with less expense.

Frank M. Franklin, for bankrupt.
Adolph B. Rosenfield, for creditor.

CHATFIELD, District Judge. In this proceeding a creditor, one Solomon B. Davega, has appeared and conducted the examination of some witnesses before the referee, on a judgment obtained in the Municipal Court of the city of New York, for the sum of $336.90. An order was obtained for the examination in supplementary proceedings of the judgment debtor, who is the bankrupt here, and this examination was stayed by an order of this court made and entered on the 29th day of March, 1907. The present application is to vacate this stay, and to allow the supplementary examination in the state court to proceed. The reasons stated for this application are that considerable money has already been spent, without results satisfactory to the creditor or in the bankruptcy proceeding; that the witnesses before the referee have not appeared; and that the examination in the state court can be conducted without the expense alleged to be incident to an examination before the referee in bankruptcy.

Assuming that these statements are true, the bankrupt nevertheless has a right to have proceedings in a state court action, brought upon a claim provable and dischargeable in bankruptcy, stayed, and to have the matter disposed of in the bankruptcy proceedings. If petitioning creditors should discover assets, the trustee would be in duty bound to take possession or to follow up these assets, and the order of the state court, in the usual form, providing for the payment of the judgment to the sheriff, could not be carried out. Further proceedings would be necessary in order to have the trustee put in a position where the estate would benefit by the examination.

Under these circumstances, the motion should be denied, and the stay continued, but without prejudice to any application for the examination of the bankrupt or third parties in the bankruptcy proceedings.