(139 App. Div. 576.)

FIRST NAT. BANK OF CITY OF NEW YORK v. GOW et al.

(Supreme Court, Appellate Division, First Department.　July 7, 1910.)

1. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY.

The mere fact that a third party, whose examination is ordered in supplementary proceedings pursuant to the provisions of Code Civ. Proc. § 2441, claims that he has no property of the judgment debtor, or that he is the owner of the property, which it is claimed belonged to the judgment debtor, and that in consequence the court cannot in any event order the property delivered to the sheriff or to a receiver to be applied on the judgment, does not, in view of sections 2432, 2435, 2436, deprive the judgment creditor of the right to continue the examination.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

2. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—RIGHTS OF JUDGMENT CREDITOR.

Such result is not affected by the fact that Code Civ. Proc. § 2447, provides that where it appears from the examination taken in a special proceeding, authorized by the article in which said section is contained, which provides for two classes of special proceedings, namely, one against the judgment debtor, and the other against a third party; when one or more articles of personal property capable of delivery are in the possession or under the control of a person other than the judgment debtor, but his right to possession thereof is not substantially disputed, the judge may as therein provided, order that the property be delivered to a receiver or to the sheriff, since the third party order may be obtained without obtaining an order against the judgment debtor and it is contemplated by section 2464, that a receiver may be appointed after an order for the examination of a third party has been made and before any order for the examination of the judgment debtor has been obtained.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

3. EXECUTION (§ 397*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—PRACTICE.

In supplementary proceedings, it is the accepted practice that the examination of a third party pursuant to Code Civ. Proc. § 2441, with respect to the property of the judgment debtor even though the third party claims title thereto, may be as thorough and complete with respect to the basis of his claim as an examination of the judgment debtor with respect to his property, that although the judge cannot, if the title be disputed, direct that the property be applied on the execution, a receiver may be appointed who may maintain an action to recover the property or set aside any bill of sale or other assignment thereof made by the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1149; Dec. Dig. § 397.*]

4. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—RIGHTS OF JUDGMENT CREDITOR.

There is no absolute right in supplementary proceedings to the examination of a third party pursuant to Code Civ. Proc. § 2441, unless the property be such that if the claim of the judgment creditor with respect thereto were conceded, the court could order the property delivered to a receiver or to the sheriff, and unless such course be necessary for the protection of the rights of a judgment creditor, or unless there be a bona fide claim

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

124 N.Y.S.—29

by the judgment creditor, that the third party has in his possession some specific personal property of the judgment debtor which is capable of delivery.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

5. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—NATURE OF INTEREST.

Under Code Civ. Proc. § 2441, relating to supplementary proceedings, and providing that the judgment creditor may examine a third party with respect to property claimed to belong to the judgment debtor, when the third party has no specific property of the judgment debtor but the debtor has an interest merely in firm property, of which he was at one time a member, an order for the examination is not authorized.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

6. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—UNNECESSARY ORDER.

Where in supplementary proceedings pursuant to Code Civ. Proc. § 2444, providing that either party may be examined as a witness in his own behalf, and may produce and examine other witnesses as on the trial of an action, a third party has been examined fully as to the judgment debtor's interest in a firm, which had existed between the two, an order for examination of the same third party in reference to the same matter pursuant to section 2441, authorizing the examination of third parties in respect to the property of the debtor, will be denied, since unnecessary.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

7. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—OBJECTIONS.

Such objection to the order of examination of the third party is not obviated by the fact that the same referee was designated in each proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

8. EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—ORDERS.

Nor was it material that the order in the third party examination, enjoined him from transferring any property of the judgment debtor since the same authority exists for enjoining a transfer by him whether he be proceeded against under a third party order or not, for Code Civ. Proc. § 2451, provides that the judge may make an injunction order restraining any person, whether party to the proceeding or not, from transferring the property of the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

Appeal from Special Term, New York County.

Supplementary proceedings by the First National Bank of the City of New York against William Gow, judgment debtor, and Artemus Ward, third party. From an order vacating an order for the examination of Ward, plaintiff appeals. Affirmed.

See, also, 124 N. Y. Supp. 454.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William Rand, Jr., for appellant.
Eldon Bisbee, for respondent Ward.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J.  The papers on which the order for the examination of Ward was made were sufficient to entitle the judgment creditor to the order, which was duly made on an ex parte application.  The moving papers on the application to vacate the order show  that Ward denies that he has any property of the judgment debtor, and that the theory upon which it is claimed by the judgment creditor that he has such property is that he and the judgment debtor were formerly co-partners in business, and that on the 24th day of October, 1907, the judgment debtor formally consented in writing to a dissolution of the firm, and formally assigned his interest therein to Ward on the parol understanding, however, that as soon as the debts of the firm and the judgment debtor's individual debts were paid from the profits of the business, the judgment debtor should be fully restored to his. rights as a member of the firm.  It appears, also, that prior to the time the proceedings supplementary to execution were instituted, Ward denied that the judgment debtor retained any interest in the firm, or in its assets, and that a suit had been brought by the judgment debtor to set aside the assignment and dissolution agreement and for the restoration and recovery of his interest in the firm and in its property, and that in that action Ward had interposed an answer putting in issue the material allegations of the complaint and claiming that the dissolution agreement and assignment were intended to be, and were, absolute and for a full and sufficient consideration and further that they had been formally confirmed by the judgment debtor, and he had released Ward from all liability with respect thereto.

The mere fact that a third party, whose examination is ordered pursuant to the provisions of section 2441 of the Code of Civil Procedure, claims that he has no property of the judgment debtor, or that he is the owner of the property which it is claimed belongs to the judgment debtor, and that in consequence the court cannot in any event order the property delivered to the sheriff or to a receiver to be applied on the judgment, does not deprive the judgment creditor of the right to continue the examination.  Rumsey's Practice, vol. 3, pp. 517 and 562; Riddle & Bullard on Supplementary Proceedings (3d Ed.) 166, 169; Matter of De Leon, 63 App. Div. 41, 71 N. Y. Supp. 380. The case of Tompkins County Bank v. Trapp, 21 How. Prac. 17, to the contrary, must be deemed overruled and no longer authority.  By the provisions of sections 2432, 2435, and 2436 of the Code of Civil Procedure, the Legislature has conferred authority upon the court to order a judgment debtor "to attend and be examined concerning his property" after the issuance, and either before or after the return, of execution on the judgment as therein provided, and said section 2432 and section 2441 of the Code of Civil Procedure authorizes the court after the issuance and either before or after the return of execution on satisfactory proof that "any person or corporation has personal property of the judgment debtor, exceeding ten dollars in value, or is indebted to him in a sum exceeding ten dollars" to make an order requiring such person or corporation "to attend and be examined concerning the debt, or other property," and it is provided in said section 2432 that such proceeding against a third party may be pursued either alone or simultaneously with the proceeding

against the judgment debtor. It is true that it is provided by section 2447 of the Code of Civil Procedure that where it appears "from the examination, taken in a special proceeding authorized" by the article in which said section is contained which provides for two classes of special proceedings, namely one against the judgment debtor, and the other against a third party, "that one or more articles of personal property, capable of delivery" are in the possession or under the control of a person other than the judgment debtor, but his right to the possession thereof is not "substantially disputed," the judge may, as therein provided, make an order directing that the property be delivered to a receiver, or if no receiver has been appointed, then to the sheriff. It does not necessarily follow, however, that the examination may not be proceeded with after it appears that the right of the judgment debtor to the possession of the property is "substantially disputed," for, as has been seen, the third party order may have been obtained without obtaining an order against the judgment debtor, and it is contemplated by section 2464 of the Code of Civil Procedure that a receiver may be appointed after an order for the examination of a third party has been made, and before any order for the examination of judgment debtor has been obtained. See Rumsey's Practice, vol. 3, pp. 515, 584. I think it is now the accepted practice that ordinarily the examination of a third party with respect to the property of the judgment debtor, even though he claims title thereto, may be as thorough and complete with respect to the basis of his claim of title as an examination of the judgment debtor with respect to his property, and that, although the judge cannot if the title be disputed direct that the property be applied on the execution, a receiver may be appointed who may maintain an action to recover the property or set aside any bill of sale or other assignment thereof made by the judgment debtor. Riddle & Bullard, Supplementary Proceedings (3d Ed.) 169; Rumsey's Practice, vol. 3, pp. 518, 561; Fiero on Special Proceedings (2d Ed.) p. 940; Matter of De Leon, supra; Matter of Millar v. Weaver, 23 Misc. Rep. 254, 53 N. Y. Supp. 259; Crounse v. Whipple, 34 How. Prac. 333; Teller v. Randall, 40 Barb. 242; Waldron v. Walker, 63 Hun, 631, 18 N. Y. Supp. 292. See, also, Rodman v. Henry, 17 N. Y. 482; Ormes v. Baker, 17 Wkly. Dig. 104. There is, however, no absolute right to an order for the examination of a third party unless the property be such that if the claim of the judgment creditor with respect thereto were conceded the court could order the property delivered to a receiver or to the sheriff, and unless such course be necessary for the protection of the rights of the judgment creditor. Fiero on Supplementary Proceedings (2d Ed.) p. 941, and cases cited. See, also, Ehrich v. Root, 134 App. Div. 432, 119 N. Y. Supp. 395; West Side Bank v. Pugsley, 47 N. Y. 368. Moreover, it is contemplated that there must be a bona fide claim by the judgment creditor that the third party has in h's possession some specific personal property of the judgment debt which is capable of delivery to warrant the court in granting the orde or permitting it to stand (Ehrich v. Root, 134 App. Div. 432, 119 N. Y. Supp. 395). Here, at most, the claim is not that Ward had any specific property of the judgment debtor, but that the latter has an interest merely in the firm and in its property of which however on no theory

is he entitled to possession. In Lowther v. Lowther, 110 App. Div. 122, 97 N. Y. Supp. 5, prior to the examination the judgment creditor had brought an action against the third party to recover the property concerning which it was sought to examine him, and that action was pending undetermined at the time. In that action the judgment creditor could have obtained an order for the examination of the defendant before trial. He did not need the examination of the defendant as a third party, either to determine whether he held property which the court might order applied on the execution, or to determine whether there was sufficient ground to warrant the appointment of a receiver to bring an action to recover the property, for he knew that an adverse interest was claimed and he had already made an election to sue. The court, therefore, not for want of authority to continue the examination, but in the exercise of judicial discretion, left the judgment creditor to his remedy for an examination in the action.

In the case at bar, however, there appears to have been no necessity for the third party order. Before it was obtained the judgment debtor had been fully examined before a referee with respect to the copartnership dissolution agreement and the assignment of his interest in the firm and in its property to Ward and a subpœna duces tecum had been issued to Ward to appear as a witness and be examined before the referee, and to produce all papers relating to the agreements between him and the judgment debtor, pursuant to the provisions of section 2444 of the Code of Civil Procedure, which provides with respect to such a reference, among other things, as follows: "Either party may be examined as a witness, in his own behalf, and may produce and examine other witnesses, as upon the trial of an action." Ward may be examined as fully under the subpœna as he could be under the order, and therefore there is no necessity of examining him on the same subject, as a witness in one proceeding and as a third party in the other. This objection is not obviated by the fact that the same referee has been designated in each proceeding. The order enjoined him from transferring any property of the judgment debtor, but it does not appear that he threatens to dispose of any of the property claimed by the judgment creditor to belong to the judgment debtor, and if he did, the same authority exists for enjoining a transfer by him whether he be proceeded against under a third party order or not, for section 2451 of the Code of Civil Procedure provides, among other things, that the judge "may make an injunction order, restraining any person or corporation, whether a party or not a party to the special proceeding, from making or suffering any transfer or other disposition of, or interference with, the property of the judgment debtor, or the property or debt, concerning which any person is required to attend and be examined, until further direction in the premises."

For these reasons, therefore, the order should be affirmed, but, since the question was not authoritatively settled, without costs. All concur.