SORRENTINO v. LANGLOIS.

(Supreme Court, Appellate Division, Second Department.   April 21, 1911.)

EXECUTION (§ 386*)—SUPPLEMENTARY PROCEEDING—RECEIVERSHIP.

An order in favor of a judgment creditor for examination of a third person is improper, where there is a receiver, since title to the debtor's personalty vests in the receiver, including that possessed by third persons.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

Appeal from Kings County Court.

Action by Pasquale Sorrentino against Ernest Langlois.   From an order refusing to vacate an order for examination of a third party, defendant appeals.   Reversed, and original order vacated.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

John J. McGinniss, for appellant.
Clyde E. Black, for respondent.

WOODWARD, J.   It appeared, in the affidavit on which the original motion was made for the examination of a third party as to property of the judgment debtor, that a receiver had been appointed, and it likewise failed to appear by such affidavit that the third person to be examined had personal property of the defendant, the said judgment debtor, exceeding $10 in value, or that she was indebted to him in a sum exceeding $10.   The affidavit was made in the alternative, and did not allege that either of said facts existed.   Collins v. Beebe, 54 Hun, 318, 7 N. Y. Supp. 442; Tifft v. Tifft, 4 Denio, 175, 177.

This question was not, perhaps, fully raised by the motion of the defendant to vacate the order; but we are of the opinion that, a receiver having been appointed in the action, a judgment creditor could not properly be permitted to go into an examination of a third party, for the reason that upon the appointment of the receiver the title to all of the judgment debtor's personal property vested in the receiver, as well that which he possessed as that which might be in the hands of third persons.   Moore v. Taylor, 40 Hun, 56, 57.   If there is property in the hands of third persons belonging to the judgment debtor, that can now be reduced to possession only by the receiver, and to continue an order for the examination of a third party under such circumstances would be entirely futile.   If property was found, it would belong to the receiver, to be paid out upon the order of the court, and could only go to the judgment creditor under such an order.

The order appealed from should be reversed, with $10 costs and disbursements, and the original order vacated, with costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes