### STEINMANN v. HOSIER.

(Supreme Court, Special Term, New York County. April 22, 1912.)

1. EXECUTION (§ 386*) — SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF THIRD PERSON.

Under Code Civ. Proc. § 2441, providing that upon satisfactory proof that an execution against property has been issued and returned wholly or partly unsatisfied, or has not been returned, and that a person or corporation has "personal property" of the judgment debtor exceeding $10 in value, or is indebted to him in a sum exceeding that amount, the judgment creditor is entitled to an order for his examination, a third

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party, who is not claimed to have in his possession any property of the judgment debtor, except a dower interest in real estate claimed to have been fraudulently assigned, cannot be examined.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

2. EXECUTION (§ 386*) — SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF THIRD PERSON.

When a receiver of the judgment debtor's property has been appointed in supplementary proceedings, real estate belonging to the debtor in the hands of third persons can be reduced to possession only by such receiver, and an order for the examination of third persons on the judgment creditor's application is improper.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

3. EXECUTION (§ 386*) — SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF THIRD PERSONS.

Under Code Civ. Proc. § 2441, authorizing a proceeding supplemental to execution for the examination of a third party having in its possession property of the judgment debtor, a third party, who is under subpœna as a witness in supplementary proceedings against the judgment debtor, cannot be examined under a third party order until after his examination as a witness under the subpœna.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1123; Dec. Dig. § 386.*]

Proceeding supplemental to execution by one Steinmann for the examination of Edward B. Hosier as a third party. On motion to vacate order for the examination of the third party. Motion granted.

Rosenthal & Steckler, of New York City, for plaintiff.
Jay Noble Emley, of New York City, for defendant.

McCALL, J. The order to examine Edward B. Hosier as a third party must be vacated for the following reasons:

[1] (a) The only property of the judgment debtor which is claimed to be possessed by the third party is a dower interest in real estate claimed to have been fraudulently assigned. Under section 2441 of the Code, a third party can only be examined if he has personal property of the debtor or is indebted to him in a sum exceeding $10.

[2] (b) A receiver of all the interests of the debtor in this property has been appointed, and if there is real estate in the hands of third persons belonging to the debtor, it can only be reduced to possession by the receiver. Sorrentino v. Langlois, 144 App. Div. 271, 128 N. Y. Supp. 1003.

[3] (c) The third party is now under subpœna as a witness in supplementary proceedings instituted against the debtor by the judgment creditors. He must therefore be examined as a witness under the subpœna served upon him, and a third party order should not issue while that subpœna is in force. First National Bank v. Gow, 139 App. Div. 576, 124 N. Y. Supp. 449.

Motion granted. Settle order on notice.