(158 App. Div. 475.)

## DENISON v. JACKSON BROS. REALTY CO.

(Supreme Court, Appellate Division, Second Department.   October 3, 1913.)

EXECUTION (§ 370*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD
    PERSON—APPOINTMENT OF RECEIVER.
        The appointment of a receiver for a judgment debtor does not deprive
    the court of jurisdiction to order the examination of a third person con-
    cerning property in its hands belonging to the debtor at the instance of
    the judgment creditor.
        [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1096;   Dec.
    Dig. § 370.*]

Appeal from Special Term, Kings County.

In the matter of supplementary proceedings against Jackson Bros.
Realty Company in favor of Ernest B. Denison.   From an order va-
cating an order requiring the treasurer of the Home Trust Company
of New York to appear and be examined concerning property in its
hands belonging to the debtor, plaintiff appeals.   Reversed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON,
and PUTNAM, JJ.

John T. Delaney, of New York City, for appellant.
John H. Corwin, of New York City, for respondent.

RICH, J.   The plaintiff appeals from an order vacating an order in
supplementary proceedings which required the respondent's treasurer
to appear and be examined concerning property in its hands belonging
to the judgment debtor.   The order from which the appeal is taken was
made for the sole reason that a receiver of the judgment debtor had
been appointed and had duly qualified.   Sorrentino v. Langlois, 144
App. Div. 271, 128 N. Y. Supp. 1003, was cited by the learned justice
at Special Term as authority.

The only question presented by this appeal relates to the power of
the court to order the examination of a third party after the appoint-
ment of a receiver for the judgment debtor.   This precise question
was presented to this court in Smith v. Cutter, 64 App. Div. 412, 72
N. Y. Supp. 99, in which it was held that the appointment of a receiver
of a judgment debtor in proceedings supplementary to execution does
not prevent the judgment creditor from obtaining an order for the ex-
amination of a third party.   Mr. Justice Sewell said:

"If an order appointing a receiver terminated the proceeding in which he
was appointed, it would not prevent the judgment creditor from pursuing an-
other proceeding to examine a third party having property of the judgment
debtor."

The receiver here was appointed without an examination of any one,
and, as said by Judge Smith in People ex rel. Fitch v. Mead, 29 How.
Prac. 360:

"It cannot be that he [the judgment creditor] loses all right to discover
* * * after the appointment of such receiver."

---

It is stated in the case referred to, and it is the law of this state:

"That when an affidavit stating the jurisdictional facts is presented the judgment creditor is entitled to institute a proceeding for the examination against a person who has property of the judgment debtor, independent of the fact that a proceeding for the examination of the judgment debtor is pending or has resulted in the appointment of the receiver."

It is the purpose and object of the proceeding to discover property of the judgment debtor, and this purpose would be entirely nullified if a receiver, by refusing to institute a proceeding against a third party having property of the debtor in his possession, could successfully contend that his appointment prevented the judgment creditor from availing himself of the examination and discovery secured to him by statute.

It is contended by the learned counsel for respondent that this court, in the case of Sorrentino v. Langlois, 144 App. Div. 271, 128 N. Y. Supp. 1003, has overruled Smith v. Cutter, supra, and, while it would seem that there is a conflict in the two decisions, there was no such intention. In the Sorrentino Case the defendant unsuccessfully moved to vacate an order for the examination of a third party, and the reversal was necessary because the moving affidavit did not show that the person to be examined had personal property of the defendant exceeding $10 in value, or that she was indebted to him in a sum exceeding $10, without reference to the fact that a receiver had been appointed, and this was the real ground for the reversal. True, it was said that an examination of a third patry could not be had after the appointment of a receiver; but this must be regarded as obiter. It follows that the order must be reversed.

Order reversed, without costs, and the proceeding remitted to the Special Term. All concur.