MAGUIRE v. O. U. BEAN & CO., Inc.

(Supreme Court, Appellate Term, First Department.    October 23, 1913.)

EXECUTION (§ 364*)—SUPPLEMENTARY PROCEEDINGS—ORDER FOR DELIVERY OF PROPERTY.

 Where one holds property under the terms of an overdue chattel mortgage from a judgment debtor, it cannot be said that the title thereto was not the subject of substantial dispute, and a restraining order could not be granted, under Code Civ. Proc. § 2447, allowing a supplemental order to require those holding property, the rightful possession of which by the judgment debtor is not substantially disputed, to deliver such property to the sheriff, to compel the delivery of such property.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1100, 1101; Dec. Dig. § 364.*]

Appeal from City Court of New York, Special Term.

Action by Samuel A. Maguire against O. U. Bean & Co., Incorporated. From an order of the City Court adjudging Charles Geely and Frederick Yung in contempt for disobedience to an order entered in supplementary proceedings, said Geely and Yung appeal. Order reversed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Nathan Burkan, of New York City, for appellants.
Leon Laski, of New York City, for respondent.

PER CURIAM. This is an appeal from an order adjudging the appellants in contempt. The alleged contempt consisted in the act of the appellants in parting with property in their possession. It is claimed that this property belonged to the judgment debtor and that the appellants were restrained from parting with the same under the terms of an order in supplementary proceedings against the judgment debtor. The restraining order applied only to property belonging to the judgment debtor as to the title to which there was no substantial dispute. Code Civ. Proc. § 2447; First National Bank v. Gow, 139 App. Div. 576, 124 N. Y. Supp. 450–452. In this case it clearly appears that the appellants held the property under the terms of an overdue chattel mortgage from the judgment debtor. Under these circumstances, it cannot correctly be said that the title to the property in question was not the subject of substantial dispute.

It follows that the order must be reversed, with $10 costs and disbursements, and the motion to punish for contempt denied, with $10 costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes