**HIRSH, NEWMAN, REASS & BECKER v. CAPITAL CO. et al.**

No. 6605.

Circuit Court of Appeals, Third Circuit.

Dec. 20, 1938.

THOMPSON, Circuit Judge, dissenting.

———◆———

Bourgeois & Coulomb, of Atlantic City, N. J., and Daniel G. Rosenblatt, of New York City, for appellant.

Thompson & Hanstein, of Atlantic City, N. J. (Cravath, de Gersdorff, Swaine & Wood and Samuel B. Stewart, Jr., all of New York City, of counsel), for appellees.

Before DAVIS, BUFFINGTON, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the bankruptcy of William Fox in the District of New Jersey, Becker and others, members of the firm of Hirsh, Newman, Reass & Becker, presented a petition praying that court to enter an order staying the Capital Company from examining them in supplementary proceedings to a judgment obtained by it against Fox in the United States District Court for the Southern District of New York. The petition alleged that Capital had filed in the bankruptcy proceeding below its claim on such judgment; that petitioners had for many years been counsel for Fox; that they were residents of New York but had on request voluntarily appeared before the referee in bankruptcy in New Jersey and submitted themselves to examination "as to all the facts relevant to the financial condition and transactions of the bankrupt"; that Becker and Rosenblatt, members of the firm, were examined and testified at length and had agreed that if desired the other members of the firm would also appear and testify. Samuel B. Stewart, Jr., attorney for Capital Company, "examined the witness, William Becker for an extended period of time" which was for several days. The petition set forth that the Capital Company "intends to proceed with the examination of your petitioners under the subpœnas in supplementary proceedings and that your petitioners should appear in New York for examination. Your petitioners feel that this insistence on the part of the Capital Company is directly in conflict with the purpose and intent of the bankruptcy act and the relief it is intended to afford". Summing up the petition petitioners contend "it is respectfully submitted that the Capital Company and its various counsel should not be permitted to examine your petitioners at any time or at any place other than in the orderly conduct of the 21(a) proceeding". It will be noted that the Capital Company had obtained a judgment in the Southern District of New York and that it had (see Record page 28) filed a claim therefor in the New Jersey bankruptcy proceeding and that the trustee in bankruptcy in that proceeding is taking no part in this controversy between the petitioners and the Capital Company.

In view of these facts, which, in the absence of any finding of fact by the court below, we now make, we are of opinion it would be an abuse of judicial process to subject to further examination in another tribunal witnesses who have voluntarily appeared in the bankruptcy proceeding below, submitted themselves to examination and who have in fact been questioned by counsel of Capital and where, as here, no reason is shown for any further examination or contention made, that such additional examination would in any way benefit the bankrupt's estate. Without discussing the

numerous authorities cited in the briefs we note there is a distinction on the one hand, between the cases where the proceedings have not merged into judgment, and those, on the other hand, where they have passed into judgment. Neither in the briefs of counsel nor on examination by this court have we found a case where a stay has been denied where, as here, the situation was of the latter class. That this distinction is well taken we are satisfied and while we find no case on all fours with the present, we are satisfied that the grant of a stay in the present case is in line with the reasoning of adjudged cases. Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985; In re Kletcha, D.C., 92 F. 901; In re Lesser, 2 Cir., 99 F. 913; In re Adler, 2 Cir., 144 F. 659; In re Burke, D.C., 155 F. 703; In re Gerstenzang, D.C., 52 F.2d 863; First Nat. Bank v. Gow, No. 1, 139 App.Div. 576, 124 N.Y.S. 449.

So regarding, the order denying the petition is vacated and the record remanded to the court below with instruction to grant the stay prayed for.

THOMPSON, Circuit Judge (dissenting).

I would affirm the order of the Court below on the ground that that Court properly exercised its discretion in refusing to assume jurisdiction of parties and subject matter within the New York jurisdiction.