In the Matter of New York & Brooklyn Casket Company, Judgment Creditor, against George Edmund Forbell, Inc., Judgment Debtor.

Supreme Court, Special Term, Queens County, September 16, 1943.

*Bernard Reyward Lawson* for judgment debtor.

*Gilbert & Abelson* for judgment creditor.

HALLINAN, J. On August 11, 1943, the judgment debtor was examined in supplementary proceedings pursuant to a subpœna returnable that day issued by the attorneys for the judgment creditor. The examination was adjourned by stipulation until the 10th of September, 1943. Thereafter by a notice of motion dated August 23, 1943, the judgment creditor moved for the appointment of a receiver. The motion was unopposed and an order thereon for the appointment of a receiver was submitted to the Justice who presided in Special Term. The judgment debtor has now moved to vacate the aforesaid subpœna and to waive or excuse its nonappearance for examination on the adjourned date. The moving affidavit of the attorney for the judgment debtor frankly states that he does not know whether the order submitted has been signed and the receiver named therein has qualified. He contends, however, that inasmuch as the motion for the appointment of a receiver has been granted, the judgment creditor has estopped itself from further proceeding with the examination under the subpœna.

An examination of the court's records shows that while the order appointing a receiver has been submitted, it has not yet been returned by the Justice. It follows that a receiver has not yet been appointed or qualified. However, even if a receiver had been appointed and qualified, this court is of the opinion that the movant would still not be entitled to the relief sought here.

The position of the moving party is predicated upon a decision of the Appellate Division, Second Department, handed down on April 21, 1911. (*Sorrentino* v. *Langlois*, 144 App. Div. 271.) A further examination of the cases, however, shows that the Appellate Division, Second Department, two years later held that so much of the opinion in the *Sorrentino* case as stated that the appointment of a receiver prevents the examination of a third party in supplementary proceedings "must be regarded as *obiter*." (*Matter of Denison* v. *Jackson Bros. Realty Co.*, 158 App. Div. 475.) The Appellate Division, First Department, in *Matter of Walker* (157 App. Div. 609), stated that the conclusion reached in the *Sorrentino* case was erroneous.

In the instant case the examination was adjourned by stipulation, and it is the conclusion of the court that even if a

receiver had been appointed and qualified, the judgment creditor could still continue his examination for the purpose of discovering property. As stated in *Matter of Walker* (*supra,* at p. 616): " The right to institute the proceedings and to have the *examinations* is given to *judgment creditors,* and *not* to the *receivers* in supplementary proceedings, nor is it transferred to them on their appointment. Even the proceeding in which the receiver is appointed is not terminated by such appointment, but continues for the purpose of discovering property which, if the proceeding be one against a third person, may be summarily ordered delivered to the receiver if the right of the judgment debtor thereto be not ' substantially ' disputed \* \* \*." (Italics supplied.) (See, also, 5 Carmody, New York Pleading and Practice, § 1854, p. 4168.)

The motion to vacate the subpœna is accordingly denied, but under the circumstances the court will excuse the debtor's failure to appear for examination on the adjourned date, and a new date will be set by the parties in the order to be settled on notice.