(164 App. Div. 79)

JONES v. WOODIN et al.  (No. 65.)

(Supreme Court, Appellate Division, First Department.　October 16, 1914.)

APPEAL AND ERROR (§ 151*)—RIGHT TO APPEAL—"PARTY AGGRIEVED"—RE-
　　CEIVERS.
　　　Receivers appointed to take charge of the property of a corporation by
　　a foreign decree in order to protect the property were not entitled to sub-
　　stitute as parties defendant in place of the corporation in an action against
　　it in New York, nor were they "parties aggrieved," within Code Civ. Proc.
　　§§ 1296, providing that a person aggrieved, who is not a party, but is en-
　　titled by law to be substituted as a party, and who has acquired, since
　　the making of the order or the rendering of the judgment appealed from,
　　an interest which would have entitled him to be so substituted, if it had
　　been previously acquired, may appeal, etc.; and hence an appeal by them
　　was unauthorized.
　　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–
　　952; Dec. Dig. § 151.*]
　　　For other definitions, see Words and Phrases, First and Second Series,
　　Aggrieved Party.]

Action by Frederick A. Jones against William H. Woodin and oth-
ers.  From a judgment for plaintiff, certain defendants appeal.  On
motion to dismiss.  Granted.

See, also, 150 App. Div. 900, 134 N. Y. Supp. 1136, and 162 App.
Div. 909, 146 N. Y. Supp. 1095.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Howard H. Williams, of New York City, for appellants.
James A. Foley, of New York City, for respondent.

PER CURIAM. It is clear that the receivers are not parties to the action. They have neither been substituted in place of the defendant corporation, nor made additional parties defendant, nor, if they had been, would the plaintiff have been entitled to a judgment against them upon the verdict of the jury. The receivers, however, were appointed to protect the property of the corporation, and its property has vested in them by virtue of the decree of the court of New Jersey, and the plaintiff would be entitled to his proportion of that property, if he should sustain the judgment against the corporation. Such an interest, however, does not entitle the receivers to appeal from the judgment rendered, not against them, but against the corporation. The corporation is not dissolved, and the plaintiff is entitled to a judgment against the corporation, irrespective of his claim to his proportion of the property of the corporation which has vested in the receivers. There may be liability of the directors or stockholders over to creditors, which the receivers are not authorized to enforce, and consequently the receivers are not entitled to be substituted for the defendant corporation as defendants in the action.

Section 1296 of the Code of Civil Procedure only applies to a person aggrieved, who is not a party, but who is entitled by law to be substituted in place of a party, or has acquired since the making of the order or the rendering of the judgment appealed from an interest which would have entitled him to be substituted, if it had been previously acquired. These receivers are not persons within this provision of the Code of Civil Procedure, and they are not entitled to be substituted for the corporation. The appeal by the receivers is therefore not allowed by our practice, or by any provision of the Code of Civil Procedure with which we are acquainted; and, not being persons against whom the judgment was rendered, they were not authorized to take an appeal therefrom. The appeal was therefore unauthorized.

The motion is therefore granted, and the appeal of the receivers dismissed, with $10 costs.

(164 App. Div. 55)
LEHIGH & H. R. R. CO. v. VILLAGE OF WARWICK.

(Supreme Court, Appellate Division, Second Department.   October 16, 1914.)

1 DEDICATION (§ 1*)—NATURE AND ESSENTIALS.
    Dedication rests upon an estoppel in pais.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 8, 10–12;
    Dec. Dig. § 1.*]

2. DEDICATION (§ 15*)—REQUISITES—INTENT.
    Dedication is a question of intent, the evidence of which may be direct
    or circumstantial, and when based upon acts or declarations, the conduct
    of the dedicator must be clear and decisive, showing an unequivocal inten-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes