JONES v. STANDARD PLUNGER ELEVATOR CO. (No. 7163.)

(Supreme Court, Appellate Division, First Department. April 23, 1915.)

CORPORATIONS ⊚⟶523—ACTIONS—PROCEEDINGS SUPPLEMENTARY TO EXECUTION —EXAMINATION.

General Corporation Law (Consol. Laws, c. 23) § 90, provides that an action may be maintained against trustees, directors, or other officers of a corporation to compel them to pay to the corporation or its creditors money and the value of any property, which they have acquired themselves or lost through neglect or other violation of their duties, and to set aside unlawful alienations. Section 91 provides that the Attorney General, except where the action is brought by a creditor or a trustee, director, etc., of the corporation may maintain such action. Plaintiff recovered a judgment against a corporation, and receivers were thereafter appointed on suits by persons other than judgment creditors. *Held*, that plaintiff could not, in proceedings supplementary to execution, examine officers of the corporation to discover whether he had a cause of action against them on the theory that he was examining the corporation by such officers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2114–2130; Dec. Dig. ⊚⟶523.]

Laughlin, J., dissenting.

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

In the matter of proceedings supplementary to execution in a suit by Frederick A. Jones against the Standard Plunger Elevator Company. From an order of the Special Term, denying a motion to vacate an order for the examination of the defendant company by its president and secretary, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel, and William K. Hartpence, of New York City, on the brief), for appellant.

James A. Foley, of New York City (Charles L. Craig, of New York City, of counsel), for respondent.

CLARKE, J. On July 18, 1914, the plaintiff recovered a judgment against the defendant company and William H. Woodin and John S. Hoyt for $54,038.47. An appeal was taken by Woodin and Hoyt, and security thereon given. An appeal was also taken by the company, but the undertaking for stay was not given. On February 25, 1914, an order was made by the United States District Court for the District of New Jersey, in an action brought by one Smith against the defendant company, by which Howard H. Williams was duly appointed receiver of all the assets of the corporation. On March 30, 1914, an order was made in said court by which the appointment of said Williams as receiver was made permanent and one Wall was duly appointed with him as coreceiver. Thereafter in the United States District Court for the Southern District of New York the said receivers were duly appointed as ancillary receivers of all property of said Standard Plunger Elevator Company in the Southern district of New York. The moving affidavits set up that in pursuance to said orders the said Williams and Wall duly qualified and are now in full possession of all the property and assets of every kind and nature of the said corporation and have the same completely under their control; that on December 4, 1914, the plaintiff herein duly filed a proof of claim upon the said judgment with the said receivers, claiming to be entitled to benefit under the said orders of said receivership. On March 3, 1915, the Special Term made the order for the examination of the judgment debtor by said Woodin and Hoyt, president and treasurer, respectively.

Receivers duly appointed by the United States courts being in possession of all the property and assets of the judgment debtor, it seems difficult to find a basis for the order. Plaintiff's claim is that section 90 of the General Corporation Law provides:

"An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires: * * * 2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties. * * * 5. Setting aside an alienation of property, made by one or more trustees, directors, managers or other officers of a corporation, contrary to a provision

of law, or for a purpose foreign to the lawful business and objects of the corporation, where the alienee knew the purpose of the alienation."

Section 91:

"An action may be brought, as prescribed in the last section, by the Attorney General in behalf of the people of the state, or, except where the action is brought for the purpose specified in subdivision third or fourth of that section, by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation, having a general superintendence of its concerns.".

And he says that the receivers of this corporation do not represent any judgment creditors; for no creditor has any judgment against the corporation, except this judgment creditor. Therefore all the rights conferred upon creditors by the foregoing provisions are lost, unless they are enforced by this judgment creditor; that the statutes give the right to a judgment creditor, by proceedings supplementary to execution, to an examination and inquiry for the purpose of ascertaining whether any facts exist with respect to any transactions, however remote, concerning the judgment debtor's property, which create a liability enforceable in favor of creditors against officers, directors, or stockholders of a corporation against whom a judgment is outstanding and unpaid.

As I understand the plaintiff's claim, it is that he desires to find out whether as a judgment creditor of the corporation he has any cause of action against the two directors and officers, who are to be examined under the guise of examining the defendant corporation by them, under which he can recover moneys applicable to the payment of his judgment. If the corporation has a right to pursue its officers or directors upon such claims, that right, belonging to the corporation, has passed to the receivers. If the right is one which the plaintiff has in his own right, qua judgment creditor, it is not the property of the corporation which he is undertaking to inquire about, but he is seeking to find out by examination of the individual officers and directors whether he, qua creditor, has any right of action against them; that is, he is using the process of the court ostensibly to examine the defendant corporation, but really to examine third parties to find out if he has a cause of action against them. That is not permissible.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). The defendant company is a New Jersey corporation. Section 65 of chapter 300 of the Laws of 1912 of New Jersey authorizes the appointment by the Court of Chancery of a receiver of a corporation at the instance of a creditor or stockholder, where the corporation is insolvent or has suspended its ordinary business for want of funds, or "its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders." Section 66 of the act (Laws 1896, p. 298) provides for the liquidation of the business by the receiver, and section 68 vests the title to all the property of the corporation in

him. A stockholder residing in New York filed a bill in the federal court, which, on account of the diversity of citizenship, had the jurisdiction that was conferred by the statute on the Court of Chancery of New Jersey, and that resulted in the appointment of the receivers.

The bill appears to have been filed, not for the liquidation of the business, but for the continuance thereof, and in other respects it is not entirely clear that it was sufficient to give the court jurisdiction; but, as no point is taken in that regard, I shall assume that the receivers were duly appointed. This action was pending when the receivers were appointed. It would not have been competent for the New Jersey court, and it was not competent for the federal court administering the New Jersey statute, to stay the prosecution of this action, and there was no attempt to do so. This court, on a motion to dismiss an appeal taken by the receivers from the judgment, hold that, notwithstanding the receivership, the plaintiff was entitled to prosecute the action to judgment against the corporation. Jones v. Woodin, 164 App. Div. 79, 149 N. Y. Supp. 377. The provisions of section 2436 of the Code of Civil Procedure give a judgment creditor the absolute right to examine the judgment debtor in proceedings supplementary to execution at any time within 10 years after the return of an execution unsatisfied in whole or in part. This right to examine the judgment debtor is given to the judgment creditor, and does not pass to a receiver of the judgment debtor. Matter of Walker, 157 App. Div. 609, 142 N. Y. Supp. 972.

Assuming, therefore, that the receivers are in good faith endeavoring to obtain possession of all the property of the corporation, they cannot obtain such an examination. An application was made to the federal court to stay the examination, and the motion was denied, and the order provides, in effect, that it is without prejudice to the right of the receivers to any property that may be discovered. The examination is not limited to the discovery of property upon which the judgment may be a lien, or which the judgment creditor would have the right to have applied on his judgment. The purpose of the Legislature was to authorize an unlimited examination to discover property or property rights of the judgment debtor, and to afford a basis for action even by a receiver. Matter of Walker, supra.

I am of opinion, therefore, that the plaintiff was entitled to the order for the examination of the judgment debtor, and I dissent from its being vacated.